**Sharon Diane Lovelace (Elliott) ROSE, Plaintiff,**

v.

**Ronald Eugene ELLIOTT, Defendant.**

No. Civ–2–75–151.

United States District Court, E. D. Tennessee, Northeastern Division.

Feb. 13, 1976.

Robert Payne Cave, Greeneville, Tenn., for plaintiff.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff applied to the Court for a default judgment against the defendant herein. Rule 55(b)(2), Federal Rules of Civil Procedure. It would be necessary in order to carry such a judgment into effect to determine the amount of any debt of the defendant to the plaintiff and to establish the truth of certain of the plaintiff's averments. *Idem.* However, it appears from the complaint that the Court lacks jurisdiction of the subject matter of this action.

The only ostensible basis of jurisdiction of the subject matter of this action in this Court is the allegation of the plaintiff that she is a resident of Tennessee, that the defendant is a resident of Virginia, and that the amount in controversy is more than $10,000, exclusive of interest and costs. It is provided:

> * * * The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and is between—
>
> * * * citizens of different states * * *.

28 U.S.C. § 1332(a)(1). "* * * Allegation of a party's residence is not a sufficient allegation of his citizenship. * * *" *Smith v. Dealers Transit, Inc.,* D.C.Tenn. (1964), 239 F.Supp. 605, 607[9]. The diversity of citizenship necessary to invoke a federal court's jurisdiction must appear affirmatively in the pleadings. *Overton v. Rainbo Baking Company,* D.C.Tenn. (1964), 239 F.Supp. 800, 801. This Court is required to notice its jurisdiction. *Farris v. Youngblood,* D.C. (1965), 248 F.Supp. 598, 599. Allegations which are the essence of jurisdiction are essential and can neither be overlooked nor supplied by inference, *Dodrill v. New York Central Railroad Company,* D.C. Ohio (1966), 253 F.Supp. 564, 567[12]; however, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Where the Court lacks jurisdiction of the subject matter of the action at the time of the entry of a default, it will be vacated. *Davis v. Carabo,* D.C. S.C. (1970), 50 F.R.D. 468, 469; *cf.* also

*Carnigan v. United States*, D.C.Mass. (1969), 48 F.R.D. 323. Thus, the default of the defendant entered herein on January 8, 1976 hereby is VACATED.

Default judgments are looked upon with disfavor. *Carol B. Sorrell, plaintiff, v. United Inter-Mountain Telephone Company, defendant,* no. CIV-2–74–3, memorandum opinion and order of July 18, 1974. This Court will allow the plaintiff to amend her defective allegations of the diversity jurisdiction of this Court within 20 days herefrom only with the term attached that, thereafter, she again cause process to be served upon the defendant. Upon the failure of the plaintiff to so amend her complaint and reserve the defendant with process, this action will be dismissed for lack of jurisdiction of the subject matter. Rule 12(h)(3), Federal Rules of Civil Procedure.