VIVIAN RICCIARDELLI *vs.* LIBERO RICCIARDELLI (No. 2).

Barnstable.    January 13, 1976. — March 5, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Default, Judgment.

In an action in a Probate Court by a wife seeking the return of two rings allegedly taken from her by her husband a judge erred in entering judgment for the wife where the entry of a judgment by default was precluded by the action of the court in allowing the late filing of an answer and where there was no evidence to warrant a finding of the facts necessary to support the allegations made by the wife. [123-124]

BILL IN EQUITY filed in the Probate Court for the county of Barnstable on October 30, 1973.

Ricciardelli v. Ricciardelli (No. 2).

Certain motions were heard by *Murphy*, J., and a judgment was entered by him.

*William P. Homans, Jr.*, for Libero Ricciardelli.

*Ralph Arnoldy* (*Ira Marcus* with him) for Vivian Ricciardelli.

HALE, C.J.    This is an appeal from a judgment of a Probate Court on a bill in equity brought by Vivian Ricciardelli (wife) against Libero Ricciardelli (husband), the parties in cross libels for divorce and other proceedings which were the subject of our opinion in *Ricciardelli* v. *Ricciardelli* (No. 1), *ante*, 114 (1976), decided this day. The present bill, by which the wife sought the return of two rings allegedly taken from her by her husband, was brought in conjunction with her separate support petition. G. L. c. 209, § 33. See also G. L. c. 208, § 33; *MacLennan* v. *MacLennan*, 311 Mass. 709, 711-712 (1942). We outline the proceedings which concluded in the entry of the judgment from which the appeal was taken.[1]

In her bill the wife alleged that the husband "did improperly and without consent of the petitioner misappropriate certain personal property of petitioner consisting of a diamond ring and a wedding band with a fair market value of $3000 and upon repeated demand has failed and refused to return the same." The bill was filed on October 30, 1973. The docket entries reflect the appearance of three successive attorneys as counsel for the husband and the withdrawal of two prior to July 10, 1974. No answer was filed by or on behalf of the husband.

On July 10, 1974, proceedings were held before a probate judge, at which time the judge had before him the bill and certain motions, including one for leave to file a late answer. That motion was presented by the husband's third attorney. The husband did not appear personally.

The transcript of the July 10 proceeding reveals that

---

[1] In his brief and argument the husband raised a question concerning the propriety of the award of counsel fees to the wife. That issue was waived by letter sent by counsel for the husband to the court.

the judge patiently heard counsel in regard to the emotional and financial problems of their respective clients and the problems that counsel were having in bringing all of the proceedings between the parties to a conclusion. The husband's third counsel informed the court of his inability to get the husband to come to court on that day and of counsel's intended withdrawal from the case. The judge also heard the parties on the motion for leave to file a late answer. No evidence of any kind was presented to the judge.

At the conclusion of the proceedings the judge was requested by the wife's attorney "to enter a decree pro confesso ... with a proposed final decree." The judge stated he would act "on all matters and dispose of them one way or the other." The withdrawal of the appearance of the husband's third counsel was filed on the same day. The record does not disclose that a decree pro confesso or a default was ever entered.

On August 28, 1974, the husband's motion for leave to file answer late was "filed and allowed," and his answer to the bill was filed. On that same day the judge entered an interlocutory order allowing prayers 2, 3, and 4 of the bill.[2] We infer from the action of the judge in entering the interlocutory order after having allowed the answer to be filed late that he determined that the wife was entitled to a judgment by default by reason of the husband's failure to appear in court on July 10, 1974.

However, the action of the court allowing the late filing of the answer precluded the entry of a judgment by default under Mass.R.Civ.P. 55 (b) (2), as in effect on July 10, 1974, 365 Mass. 822 (1974). See Mass.R.Civ.P. 1A (3). Rule 55 (a) defines a default as a failure to plead or otherwise defend. With an appearance entered and a late answer

---

[2] Those prayers are: "(2) That Respondent, Libero Ricciardelli, be ordered to return to petitioner said diamond ring and wedding ring forthwith or in the alternative to pay to petitioner the fair market value of the same." (3) (Waived by petitioner after the order allowing it was entered.) "(4) For her costs and reasonable counsel fees."

allowed, the husband could not be properly subjected to a default judgment.

Moreover, the judgment could not have been entered on the basis of the pleadings as they were constituted on July 10, 1974, as there was no evidence whatsoever from which the judge could have found the facts relevant to any of the allegations of the petition or the reasonable amount of an attorney's fee.

The judgment is reversed, and the case is remanded to the Probate Court for an evidentiary hearing on the issues raised by the pleadings in their present posture.

*So ordered.*