ERNEST W. GEORGE *vs.* THE QUINCY CO-OPERATIVE BANK. January 31, 1977. The plaintiff has appealed from a judgment dismissing his complaint which sought to set aside a mortgage foreclosure sale held by the defendant as mortgagee of real property owned by the plaintiff. The plaintiff's brief on appeal raises two issues: (1) whether the refusal of the judge to set aside the sale was error; and (2) whether the defendant exercised good faith and reasonable diligence in conducting the sale. The plaintiff's argument in support of the first ground was that the trial judge was clearly wrong because he chose to disregard testimony introduced by the plaintiff which contradicted testimony of the defendant. Such an argument avails the plaintiff nothing. The credibility of witnesses is for the trial judge to determine and any such determination will not be set aside unless clearly erroneous. *Matsushita Elec. Corp. of America v. Sonus Corp.* 362 Mass. 246, 254 (1972). *Albano v. Jordan Marsh Co.* 2 Mass. App. Ct. 304, 311 (1974). *Sher v. Malden Taxi, Inc.* 4 Mass. App. Ct. 404, 407-408 (1976). Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Such was not the case here. All of the contentions

raised by the plaintiff in support of his argument that the defendant failed to exercise good faith and diligence were effectively disposed of by the findings of the trial judge, all of which were warranted on the basis of the evidence before him. See *Krasner* v. *Krasner,* 362 Mass. 186, 187-188 (1972).

*Judgment affirmed with double costs.*

The case was submitted on briefs.
*Leslie H. Rudnick* for the plaintiff.
*William S. Monahan* for the defendant.