The SINGER COMPANY, Plaintiff and
defendant-by-counterclaim,

v.

GREEVER AND WALSH WHOLESALE
TEXTILE, INC., Defendant and
plaintiff-by-counterclaim.

No. CIV-2-77-119.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 17, 1977.

Walter Lee Davis, Jr., and Dick L. John-son, Johnson City, Tenn., for plaintiff and
defendant-by-counterclaim.

N. R. Coleman, Jr., Milligan, Coleman,
Fletcher, Gaby & Kilday, Greeneville,
Tenn., for defendant and plaintiff-by-coun-terclaim.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The clerk entered the default of the de-fendant herein for its failure to plead or
otherwise defend as provided by the Rules
of Civil Procedure. Rule 55(a), Federal
Rules of Civil Procedure;[1] see entry of
default herein of October 31, 1977. The
defendant moved on the following day that
such default be set aside. Rule 55(c), Fed-eral Rules of Civil Procedure.[2] There is
merit to the defendant's motion.

The plaintiff filed with its applica-tion to the clerk for the entry of a default
no affidavit, cf. *United States v. Herlong*,
D.C.S.C. (1949), 9 F.R.D. 194, 195, so it must
be assumed that the clerk satisfied himself
"otherwise" that the requirements of Rule
55(a), *supra*, had been satisfied. This ac-tion, seeking affirmative relief, had been
commenced on August 8, 1977. Respective
counsel for the parties, by agreement, en-larged the time for the defendant to plead
or otherwise defend on two occasions, the

---

1. " * * * When a party against whom a
judgment for affirmative relief is sought has
failed to plead or otherwise defend as provided
by these rules and that fact is made to appear
by affidavit or otherwise, the clerk shall enter
his default." Rule 55(a), Federal Rules of Civil
Procedure.

2. " * * * For good cause shown the court
may set aside an entry of default. * * * "
Rule 55(c), Federal Rules of Civil Procedure.

most recent enlargement being until October 25, 1977. On the latter date also, a pretrial conference herein, which had theretofore been assigned for October 28, 1977 had been deferred because " * * * counsel for the defendant will be out of town on that date. * * * " While defense counsel was known by the plaintiff to be absent from this jurisdiction, on its direction, its counsel sought the aforementioned entry of a default. Application was made simultaneously for the entry by the clerk of a judgment by default. Rule 55(b)(1), Federal Rules of Civil Procedure.

The aforementioned enlargements of time to plead or otherwise defend were agreed to by counsel, because their respective clients were engaging in negotiations seeking an amicable settlement of their dispute herein. In so far as defense counsel appears to have been advised, these negotiations were continuing when he departed this jurisdiction on October 25, 1977.

Although " * * * [a] hope of settlement does not justify a failure to obtain an extension of time to answer, * * * " *Mitchell v. Eaves*, D.C.Tenn. (1959), 24 F.R.D. 434, 435, the plaintiff appears to have been unduly anxious to win by default. *Cf. Dalminter, Inc. v. Jessie Edwards, Inc.*, D.C.Tex. (1961), 27 F.R.D. 491, 491–493. Defense counsel demonstrated his good faith by moving to set aside his client's default and lodging his answer and counterclaim with the clerk on the first working day after he returned to this jurisdiction and was met with the surprise of the previous entry of a default. This is strong reason for setting aside the defendant's default. *Eisler v. Stritzler*, D.C.P.R. (1968), 45 F.R.D. 27, 28[1]; *Nunn v. Reina*, D.C.Pa. (1958), 21 F.R.D. 573, 575; *Elias v. Pitucci*, D.C.Pa. (1952), 13 F.R.D. 13, 14[2].

■ The rule permitting relief from the entry of a default is to be liberally construed to provide relief from the onerous consequences of such an entry. *Johnson v. Harper*, D.C.Tenn. (1975), 66 F.R.D. 103, 104[1]. There is no showing that the plaintiff has been prejudiced in any way by the delay, *ibid.*, and, in its discretion, this Court will allow the defendant to proceed to correct its default, such being viewed judicially with disfavor. *Rose v. Elliott*, D.C.Tenn. (1976), 70 F.R.D. 422, 424[7].

Accordingly, the default of the defendant of October 31, 1977 hereby is SET ASIDE; the plaintiff's application for a default judgment thereby is rendered MOOT; and the clerk will file the defendant's answer and counterclaim.