MORTON LEVINE *vs.* AMBER MANUFACTURING CORPORATION & another. February 2, 1978. A careful review of the transcript and exhibits

discloses that the only question the parties chose to litigate was whether the amounts the plaintiff had advanced to Amberlite Plastics Corp. prior to the sale of its stock to the present owners had been (a) loans or (b) gratuitous contributions to capital; no other explanation of the advances was open or even suggested. See *Sher* v. *Malden Taxi, Inc.*, 4 Mass. App. Ct. 404, 406-411 (1976). The evidence was sufficient to warrant a finding of (a) but not (b). The possibility that the Internal Revenue Service might treat the advances as (b) for Federal income tax purposes did not alter the true nature of the relationship between the plaintiff and the corporation under our law (see *Commissioner of Corps. & Taxn.* v. *Williston*, 315 Mass. 648, 650, 651-653 [1944]; *Morville House, Inc.* v. *Commissioner of Corps. & Taxn.*, 369 Mass. 928, 930 n.5, 936-937 [1976]), and the record lends no support for the judge's assumption that the plaintiff's advances were treated as (b) when he sold his stock in the corporation to the present owners. The judge's finding of (b) rests on nothing firmer than his obvious disbelief of the plaintiff's evidence (predominantly documentary and largely uncontradicted) that all his advances had been loans (see *Maniscalco* v. *Director of the Div. of Employment Security*, 327 Mass. 211, 216 [1951]; *O'Connell* v. *Esso Standard Oil Co.*, 337 Mass. 639, 642 [1958]) and was "clearly erroneous" within the meaning of Mass.R.Civ.P. 52 (a), 365 Mass. 816 (1974). See *Marlow* v. *New Bedford*, 369 Mass. 501, 508 (1976); *Selectmen of Blackstone* v. *Tellestone*, 4 Mass. App. Ct. 311, 314 (1976); *McGowan* v. *Quincy Mut. Fire Ins. Co.*, 4 Mass. App. Ct. 813, 813-814 (1976); *Planning Bd. of Watertown* v. *Board of Appeals of Watertown*, 5 Mass. App. Ct. 833, 833 (1977). The judgment is reversed; a new judgment is to be entered which awards the plaintiff the total amount now due him under the express provisions of the composition of July 26, 1973, and dismisses the defendants' counterclaim.

*So ordered.*

*Douglas G. Moxham* for the plaintiff.
*Richard K. Donahue* for the defendants.