FRED PETTI vs. JOHN L. PUTIGNANO & others[1]
(and a companion case[2]).

Norfolk.    April 11, 1979. — August 22, 1979.

Present: GRANT, PERRETTA, & KASS, JJ.

*Mortgage*, Real estate: foreclosure.

In an action seeking authorization to foreclose a mortgage pursuant
    to St. 1943, c. 57, the plaintiff was entitled to a judgment authoriz-
    ing him to exercise his statutory power of sale where there was
    evidence that the defendants had breached a material condition of
    the note secured by the mortgage by failing to make monthly pay-
    ments during the grace period permitted by the note; the fact that
    the plaintiff accepted payment of the arrearages after commencing
    foreclosure proceedings did not constitute a waiver of his right to
    continue with foreclosure. [294-296]

TWO CIVIL ACTIONS commenced in the Superior Court
on May 19, 1977, and July 27, 1977, respectively.

The cases were heard by *St. Cyr*, J., a District Court
judge sitting under statutory authority.

*George L. Wainwright* for Fred Petti.

PERRETTA, J. Fred Petti (plaintiff) holds a second mort-
gage with a statutory power of sale that the defendants
have given him on property in Avon. He commenced an
action in the Superior Court pursuant to St. 1943, c. 57,
as amended through St. 1959, c. 105, seeking authoriza-
tion to foreclose the mortgage. Notice issued to the de-
fendants and to "all persons entitled to the benefit of the
Soldiers' and Sailors' Civil Relief Act of 1940 as amend-
ed" (50 U.S.C. App. § 501 [1976]). The defendants then
filed a complaint seeking to enjoin the foreclosure and

---

[1] Donald J. Putignano and Michael J. Putignano.

[2] The companion case is between the same parties.

asserting that there had been no breach of any of the conditions of the mortgage. See *Beaton* v. *Land Court*, 367 Mass. 385, 392-393 (1975). The trial judge consolidated the two actions for trial, at the conclusion of which he made two findings, identical as to each action: the plaintiff is the holder of a mortgage from the defendants, and the defendants are not responsible for any substantial breach of a material condition of the mortgage. He entered judgments for the defendants in both actions, and the plaintiff appealed; we reverse the judgments.

The findings made by the trial judge do not comport with Mass.R.Civ.P. 52(a), 365 Mass. 816-817 (1974); however, we decline to remand these matters for further findings. Compare *Levine* v. *Amber Mfg. Corp.*, 6 Mass. App. Ct. 840 (1978), with *George* v. *Quincy Co-op. Bank*, 5 Mass. App. Ct. 771 (1977). We have before us the mortgage note, the second mortgage, checks drawn in payment of that mortgage, and the transcript of testimony. Although we do not pass on the credibility of any of the witnesses (*Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. 246, 254 [1972]; *Albano* v. *Jordan Marsh Co.*, 2 Mass. App. Ct. 304, 311 [1974]), it is apparent from the documentary evidence and the undisputed portions of the testimony that the judge's findings are clearly erroneous.

In 1970 the defendants' father purchased the plaintiff's property by giving him a ten-year note which was secured by a mortgage on the property. The note, dated May 14, 1970, was in the approximate amount of $117,000 and provided for monthly payments by the fourteenth day of each month. The note also specified that: "Should default be made in the payment of interest or principal when due, for more than (30) days . . . the whole sum of principal and interest then remaining unpaid shall become immediately due, without notice at the option of the holder." In 1974 the plaintiff, at the request of the father, "lifted" his mortgage on the property so that the father could obtain a loan from the Randolph Savings Bank, which required mortgage priority as a condition of its loan.[3] Other trans-

---

[3] As required by G. L. c. 168, § 34.

actions concerning these mortgages subsequently occurred, but they are not here material. In 1976 the father conveyed the property to the defendants, subject to the mortgage held by the Randolph Savings Bank. The defendants then gave the plaintiff a second mortgage which stated it was "to secure the payment of note dated May 14, 1970." The plaintiff asserts that the defendants have not made timely payments on this note, and, therefore, that they have defaulted on a condition of the second mortgage.[4]

The second mortgage, just as the note which it secured, required monthly payments to be made by the fourteenth day of each month. This mortgage was signed on October 19, 1976, and the first payment was due on November 14, 1976; the note, which was made a part of the second mortgage by reference, provided for a thirty-day grace period. The record indicates that the defendants made this first payment after the fourteenth day of November but during the grace period; all other payments before the commencement of foreclosure proceedings on May 19, 1977, were made after the expiration of the grace period.[5]

The second mortgage provides that: "This mortgage is upon the statutory condition, and upon the further condition that all covenants and agreements of the Mortgagor contained herein and in the Note shall be kept and fully

---

[4] Because of our decision on this issue, we need not determine whether the defendants were in breach of other conditions of the mortgage, as the plaintiff contends.

[5] Schedule of Mortgage Payments.

| Due Date | Expiration of Grace Period | Payment Date |
|----------|----------------------------|--------------|
| November 14, 1976 | December 14, 1976 | December 6, 1976 |
| December 14, 1976 | January 13, 1977 | January 31, 1977 |
| January 14, 1977 | February 13, 1977 | February 28, 1977 |
| February 14, 1977 | March 16, 1977 | April 9, 1977 |
| March 14, 1977 | April 13, 1977 | May 1, 1977 |

The defendant's April payment, due not later than May 14, 1977, was not made until May 31, 1977.

performed, for any breach of which the mortgagee shall have the Statutory Power of Sale." The defendants were in default on May 19, 1977, when the plaintiff elected to exercise his statutory power of sale pursuant to G. L. c. 183, § 21. They take the position, however, that by the time of trial of these actions in August of 1977 they were current in their payments, having paid through July, and August not yet due. In *Wilshire Enterprises, Inc.* v. *Taunton Pearl Works, Inc.*, 356 Mass. 675, 678 (1970), it was held that "[p]ayment of the overdue instalment prior to the time the option [to accelerate the note] is exercised removes the conditions upon which the exercise may be based." Here the breach (see note 4, *supra*) had not been cured when the plaintiff exercised his option to accelerate the note by commencing foreclosure proceedings. *Strong* v. *Stoneham Co-op. Bank*, 357 Mass. 662, 667 (1970). The facts that the defendants thereafter tendered and the plaintiff accepted the arrearages do not constitute a waiver or abdication by the plaintiff of his right to continue with foreclosure, 4 American Law of Property § 16.193, at 463-464 (Casner ed. 1952), and it was error to declare that he has no such right.

After commencing foreclosure proceedings, the plaintiff's attorney filed a proper military affidavit stating that the defendants were not in the military service and listing their Massachusetts residences. The clerk subsequently entered an interlocutory decree taking the complaint for confessed as to each defendant. Mass. R.Civ.P. 55(a), 55(b) (4), 365 Mass. 822-823 (1974). The defendants have never asserted that they are entitled to benefits under the Soldiers' and Sailors' Civil Relief Act. Consequently, there was nothing left for the trial judge to do in that action but authorize the plaintiff to foreclose the mortgage (see *Beaton, supra* at 390-391; *Boston Five Cents Sav. Bank* v. *Johnson,* 3 Mass. App. Ct. 790 [1975]), and the findings and judgment in that action are clearly erroneous.

Both judgments are reversed. In the first action judgment is to be entered authorizing the plaintiff to exercise his statutory power of sale; in the cross action judgment is to be entered dismissing the action, without prejudice to the right of the defendants to redeem the premises from the second mortgage at any time prior to a foreclosure sale as defined in *Outpost Cafe, Inc.* v. *Fairhaven Sav. Bank*, 3 Mass. App. Ct. 1 (1975).

*So ordered.*