OLD COLONY BANK AND TRUST COMPANY OF MIDDLESEX COUNTY *vs.* TACEY TRANSPORT CORP. & others. July 3, 1980. 1. As no default had been entered (see *Ricciardelli* v. *Ricciardelli*, 4 Mass. App. Ct. 121, 123 [1976]; *Petti* v. *Putignano*, 8 Mass. App. Ct. 293, 297 [1979]; 10 Wright & Miller, Federal Practice and Procedure § 2682 [1973]), and as there had been no timely motion under Mass.R.Civ.P. 6(b)(1), 365 Mass. 747-748 (1974), to enlarge the time period set out in Mass.R.Civ.P. 12(a)(1), 365 Mass. 754 (1974), the propriety of the denial of the defendants' motion for leave to file their answers and counterclaims late must be determined

with reference to the standard of "excusable neglect" (as to which see *In re Stone*, 588 F.2d 1316, 1319 [10th Cir. 1978]) found in Mass.R.Civ.P. 6(b)(2), 365 Mass. 747-748 (1974), rather than the standard of "good cause" found in Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974). On December 26, 1978, counsel for all four defendants had accepted service of the order of notice on all the defendants, as well as service of a copy of the complaint; on December 29, 1978, the same counsel had appeared in court and argued (unsuccessfully) in opposition to the plaintiff's application for a preliminary injunction; but counsel did not file the motion for leave to file answers and counterclaims late until May 31, 1979. The only stated excuse for tardiness was that the "defendants . . . had hoped to resolve this action without the need for litigation" (as to which see *Singer Co.* v. *Greever & Walsh Wholesale Textile, Inc.*, 82 F.R.D. 1, 2 [E.D. Tenn. 1977]), which could not be tortured into a representation that the delay of more than four months had been occasioned by the conduct of good faith settlement negotiations (as to which see *Port-Wide Container Co.* v. *Interstate Maintenance Corp.*, 440 F.2d 1195, 1196 [3d Cir. 1971]; *United States* v. *Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950-951 [N.D. Ind. 1975]; *Anderson* v. *Stanco Sports Library, Inc.*, 52 F.R.D. 108, 109-110 [D.S.C. 1971]). The result would be no different if the motion were thought to be filed under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). The motion failed to set up any facts from which the judge could have inferred the existence of a meritorious defence to any of the claims asserted in the complaint. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433 (1979); *Consolidated Masonry & Fireproofing, Inc.* v. *Wagman Constr. Corp.*, 383 F.2d 249, 251-252 (4th Cir. 1967); *Moldwood Corp.* v. *Stutts*, 410 F.2d 351, 352 (5th Cir. 1969); *Gomes* v. *Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *In re Stone*, 588 F.2d at 1319-1320. Only one of the defendants would have denied any of the allegations of the complaint; for all that appeared, only one of the seven proposed counterclaims would have been addressed to any of the transactions or occurrences alleged in the complaint (see Mass.R.Civ.P. 13[a], 365 Mass. 758 [1974]). In short, the denial of the motion did not result from any abuse of discretion. Compare *Silkey* v. *New England Tel. & Tel. Co.*, 9 Mass. App. Ct. 816 (1980); *Robinson* v. *Bantam Books, Inc.*, 49 F.R.D. 139, 140-142 (S.D.N.Y. 1970). Contrast *Davis* v. *Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962); *Medunic* v. *Lederer*, 533 F.2d 891, 893-894 (3d Cir. 1976). 2. The motion filed on June 22, 1979, did not lie under Mass.R.Civ.P. 60(b) for the reason (if no other) that there had been no "final judgment, order or proceeding" within the meaning of that rule. The motion amounted to nothing more than a request for reconsideration of the earlier order denying the motion for leave to file answers and counterclaims late. Neither the second motion nor either of its supporting affidavits (which had not been served on the plaintiff as required by Mass.R.Civ.P. 6[c], 365 Mass.

748 [1974], and one of which was riddled with assertions as to which the affiant would not have been competent to testify) purported to suggest any fact or circumstance which had not existed or prevailed at the time of the hearing on the previous motion. Accordingly, the judge was not obliged to reconsider his earlier ruling, and the bare denial of the second motion does not warrant an inference that he did so. *Peterson* v. *Hopson*, 306 Mass. 597, 599, 600, 602 (1940). 3. The filing of the motions hereinbefore referred to operated as appearances under Mass.R.Civ.P. 11(b)(1), 365 Mass. 753 (1974). Accordingly, it was error for the clerk to enter judgments against the defendants under Mass.R.Civ.P. 55(b)(1), 365 Mass. 822 (1974), which is available only when a defendant "has been defaulted for failure to appear." 4. Our disposition of this case relieves us of the necessity for considering the only other question which has been argued by the defendants within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). All the judgments are reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion; it will be for that court to decide whether to relieve the plaintiff from its waiver of attorney's fees; costs of appeal are not to be awarded to any party.

*So ordered.*

*Lawrence J. Rose* for the defendants.
*Edward Rabinovitz* for the plaintiff.