Welsh, J.
This is a petition to establish report brought by the defendant based on the fact that the draft report had been pending in excess of the time prescribed by Rule 64(c) (5), Dist./Mun. Cts. R. Civ. P. without action by the motion judge, in order to prevent the forfeiture of his right for review in the Appellate Division.
The complaint alleges abalance due under a written lease of personal property and a reasonable attorney’s fee as provided in the lease.
The complaint was filed on January 25, 1990. The summons was served upon the defendant by delivery of a copy at his last and usual place of abode on February 6, 1990. On March 12, 1990, an application for default and default judgmentwas filed. Adefault was entered on March 13, 1990.
On March 30th, plaintiff made application for hearing on the request for default judgment previously filed.
On May 11, 1990, defendant filed motion to answer late. That motion was denied on May 23, 1990. On June 1, 1990, the defendant filed a document entitled “Objection To Denial of Motion To File Answer Late.”[2]
Judgmentwas entered on June 27, 1990. Execution was issued on July 10, 1990.
The defendant alleges in his petition that neither notice of entry of judgment nor notice of assessment of damages was received, despite his request to be so notified. Apparently, the defendant’s motion to set aside the judgment was to be referred to the judge who denied the motion to file answer late. On March 25, 1992, the motion to set aside judgment was denied in open court. The draft report to which this petition relates was filed on April 3, 1992.
1. We elect to proceed to the merits of the claim of aggrievement made by the defendant, passing over certain technical deficiencies in the petition.[3]
The defendant’s affidavit states that the defendant by letter requested notice of entry of judgment and notice of the hearing for assessment of damages. Neither the docket entries nor anything else in the record tends to refute this assertion. On May 8, 1990, the defendant filed a motion to file answer late. This occurred before judgment. Filing of the motion for leave to file answer late and for reconsideration of a previously filed similar motion constituted an appearance and entitled the defendant *255 to notice of hearing for the assessment of damages and of the default judgment. Old Colony Bank & Trust Company of Middlesex County vs. Tacey Transport Corporation & Other, 10 Mass. App. Ct. 825 (1980). The entry of judgment without notice constituted error. Id. at 827.
The case is remanded to the trial court. The judgment entered is vacated and a trial on the merits is ordered.

 This pleading was, in effect, arequestforreconsiderationofthe denial ofthemotionto answer late.

 The requirement of Rule 64(e), Dist/Mun. Cts. R. Civ. P. that the petition itself contain an unequivocal statement verified by unequivocal affidavit that the draft report conforms to the truth is arguably not met here. See Cook v. Kozlowski, 351 Mass. 708 (1967). The averment that the draft report was a true copy of the draft report submitted to the motion judge is not sufficient. Stevens v. United Artists Corp., 373 Mass. 857 (1977); Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982).