Merrigan, J.
After trial before a judge of the District Court, the plaintiff Teresa Brooks (Brooks) was awarded damages on her claim that the defendant John Grosse, d/b/a East Park Grille (East Park Grille) served her a chicken dinner which was contaminated with bacteria, as result of which she became ill. East Park Grille appeals from the judgment in the Worcester District Court.
On appeal, East Park Grille argues: (1) that the judge committed error in denying its motion for a required finding at the close of the plaintiff’s case, and (2) that there was no evidence to support the judge’s finding that the Campylobacter infection suffered by Brooks was caused from food served by East Park Grille. We affirm.
We review the record to determine whether there was evidence to support the judge’s findings of fact. In examining the record, “[ujnless clearly erroneous, we are bound by the trial judge’s findings of fact.” Dick v. Lussier, 1998 Mass App. Div. “The credibility of the witness is for the trial judge to determine and any determination will not be set aside unless clearly erroneous.” George v. Quincy Coop Bank, 5 Mass. App. Ct. 771 (1977). “A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.” Marlow v. New Bedford, 369 Mass. 501, 508 (1976), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
The judge’s findings and the record reveal the occurrence of the following: On November 21,1992, Brooks was a customer at the East Park Grille and ordered a dinner which was made with chicken. Her initial several bites of the dinner had a peculiar taste to it and she did not finish it. On her return home and during the next day, Brooks became extremely ill. She had pain in her stomach, constant diarrhea, chills and was unable to eat or sleep. On November 23, 1992, she saw her physician who prescribed rest and fluids. The next day, her symptoms were *236 worse and she went to the hospital where she remained for four days and was treated for food poisoning. In the weeks before November 21, Brooks had been feeling poorly with flu-like symptoms. She had seen her physician who did not prescribe any treatment or medication. During this period, Brooks had not missed any work nor did she otherwise forego other routine activities such as exercise or her twice weekly ballet classes in Worcester and Boston. Although Brooks had been to Hawaii six weeks earlier where she ate some sushi, there was no evidence connecting the food poisoning of late November with her travels or any food she had eaten. Campylobacter jejuni food poisoning such as experienced by Brooks often originates with chicken and the incubation period is one to seven days after it has been consumed.
Discussion
There was ample evidence to support the judge’s findings and conclusions in this case. Brooks’ testimony and that of her husband indicates that her food poisoning symptoms followed within a very short period of time after Brooks had consumed food from the East Park Grille. There was sufficient medical and other evidence to support the conclusion of the finder of fact that the trip to Hawaii and any food eaten there were not causally connected to Brooks’ food poisoning. Likewise, there was ample medical evidence to support the inference drawn by the judge that the food poisoning was caused by the chicken served to Brooks at the East Park Grille. Merely because there were other possible explanations of Brooks’ bacterial infection, it does not mean that the finding by the judge — that it was the chicken eaten from the East Park Grille on November 21, 1992 that caused Brooks’ illness — was erroneous. It is the function of the trier of fact to resolve conflicts in the evidence. It is not for us to substitute our judgment, not that we would in any event, for that of the judge who personally observed each of the witnesses, considered credibility and assigned weight to the evidence. “[I]t is not the appellate court’s function to decide factual issues de novo, since it is the primary duty of the trier of fact to weigh and appraise the evidence.” Capital Bank & Trust Co. v. Richman, 19 Mass. App. Ct. 515, 519 (1985). The motion for a required finding was properly denied. The findings were warranted by the evidence, and the judgment was supported by the findings.
Judgment affirmed.