RICHARD A. SCHULZ *vs.* HOWARD G. BLACK & another. October 30, 1975. The defendants defaulted in a suit for specific performance of a land contract, and a "final decree" was entered ordering them to convey the land upon the receipt of the price. Nearly a year later, in January, 1974, a judge of the Superior Court allowed the plaintiff's motion to amend the decree so that it could be recorded under G. L. c. 183, § 44. In July, 1974, on the ground of the neglect of their attorney to appear, the defendants moved under Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974), for an order vacating the amended decree and allowing them to defend the suit. On September 9, 1974, another judge allowed the motion only if the plaintiff failed to tender the price by September 23, 1974, and, on September 13, 1974, the defendants filed a notice of appeal. On September 30, 1974, the defendants moved under Mass. R. Civ. P. 60 (b) (4) for an order vacating the amended decree on the ground that the court had no jurisdiction to amend the original final decree. The defendants' second motion was denied, and they appealed. The case was transferred to this court on our own motion under G. L. c. 211A, § 10 (A). There was no error. A motion under Rule 60 is addressed to the judge's discretion, and no clear abuse of discretion in denying the defendants' first motion is shown. *Farmers Co-operative Elevator Ass'n Non-Stock of Big Springs, Neb.* v. *Strand*, 382 F.2d 224, 232 (8th Cir.), cert. denied, 389 U.S. 1014 (1967). The original final decree might have been recorded if accompanied by the contract, but it would have been irregular in form. It was proper to amend the decree to eliminate the irregularity. See *Hyde Park Sav. Bank* v. *Davankoskas*, 298 Mass. 421, 424 (1937); Mass. R. Civ. P. 60 (a). Since the time fixed for tender has expired, however, the order on the defendants' first motion is to be vacated in the Superior Court and a new order entered fixing a new date for tender two

weeks after entry of the new order. In all other respects, the orders appealed from are affirmed.

*So ordered.*

*Sumner Bauman* for the defendants.
*Ernest L. White, Jr.*, for the plaintiff.