ROSE MARIE NOLAN *vs.* DAVID WEINER. April 16, 1976. We assume, without deciding, that the plaintiff, having filed on December 19, 1974, a notice of appeal from an order of December 9 denying her second motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), for relief from a judgment of September 23 dismissing her action (but not having appealed from the judgment or from an order of November 22 denying her first, identical motion for such relief), is entitled to some form of appellate review. See Mass.R.A.P. 4, 365 Mass. 846 (1974). Compare *Burnside* v. *Eastern Airlines, Inc.* 519 F.2d 1127, 1128 (5th Cir. 1975). It is clear, however, that no question of the propriety of the judgment itself falls within the scope of that review. *Horace* v. *St. Louis Southwestern R.R.* 489 F.2d 632, 633 (8th Cir. 1974). *Burnside* v. *Eastern Airlines, Inc., supra.* It is also clear that the denial of a motion under Rule 60(b)(1) will not be disturbed except upon a clear showing of abuse of discretion. *Schulz* v. *Black,* 369 Mass. 958 (1975). *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Adm. & Fin.* 369 Mass. 562, 565-566 (1976). *Farmers Co-op. Elevator Assn. Non-Stock of Big Springs, Neb.* v. *Strand,* 382 F.2d 224, 232 (8th Cir.), cert. den. 389 U.S. 1014 (1967). The record on appeal does not disclose what transpired at the hearing on either of the motions, and the plaintiff, though her brief is replete with unsupported statements of "fact," appears not to have repaired those omissions by availing herself of the remedy afforded by Mass.R.A.P. 8(c), 365 Mass. 850 (1974), or by any other permissible means. Compare *Corman Realty, Inc.* v. *Rothstein, ante,* 777 (1976). It follows that no abuse of discretion is shown.

*Order affirmed.*

*Athos V. Longo* for the plaintiff.