Pino, J.
This appeal involves a report signed by the Administrative Justice of this court in which the appellant alleges that he is aggrieved by the rulings of another justice of this court who had retired prior to the filing of the report.
The plaintiff’s action is based upon an allegation of negligent conduct by the defendant which caused the plaintiff to suffer damage to his property. The facts of the case have not been brought to our attention.
Service upon the defendant corporation was made through the Secretary of the Commonwealth as provided in Chapter 223 of the General Laws. The defendant was defaulted for failure to answer the complaint. A hearing for the assessment of damages was held on November 23, 1977; execution was issued on December 13, 1977.
On January 24,1978, the defendant filed a “Motion to Vacate Judgment’ ’ which was heard on March 10, 1978. The time lapse between filing and hearing, according to the report, is not in issue. Both parties had filed Affidavits of Facts which were incorporated in the report. In addition, there was evidence taken at the hearing that on July 8,1976 the defendant received a claim letter from plaintiff’s counsel. On May 24, 1977, the insurer for the defendant received a letter from the plaintiff indicating the amount of damages claimed by the plaintiff.
The insurer received another letter from the attorney for the plaintiff dated November 10,1977 advising that there would be a hearing for assessment of damages on November 23,1977. The first actual knowledge which the insurer had of the hearing of the suit was on November 25, 1977, two days after the hearing was held.
The affidavit of the defendant’s principal officer set forth the facts that the defendant was not aware of the suit, that service was never sent to any of its officers, and that it had no knowledge of the suit until January 19,1978 and, also, the reasons for the defendant’s lack of knowledge. There were no allegations of any defense set out in the affidavit.
The court allowed the defendant’s motion and the plaintiff claimed this report.
The report and the exhibits annexed thereto do not indicate that the defendant, at any time, had ever shown it had a meritorious defense.
This is an appeal from the decision of the court of a motion based upon Mass. R. Civ. P., Rule 60(b)(6).
The showing of a meritorious defense by the defendant is essential. Byron, Adm’x, v. Bleakley Transportation Co., Inc., 43 F.R.D. 413 (1967); Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. Adv. Sh. (1979) 742, 750; Old Colony Bank & Trust Co. *191 v. Tacey Transport Corp. et al., Mass. App. Ct. Adv. Sh. (1980) 1329; Tozer v. Charles A. Krause Milling Co., 189 F. 2d 242 (1951).[2]
All the material facts reported here have been set forth in this opinion. Since there was no showing in any form, pleadings, affidavits, or evidence of a meritorious defense, the court erred in allowing the defendant’s “Motion to Vacate” which in effect was a motion for relief of judgment. Therefore, the clerk is ordered to re-enter the default judgment for the plaintiff.
. Report allowed.

 The dissenting opinion relies upon an analogy which deals with trials and directed verdicts. For a case which deals with the erroneous denial of a Motion for Summary Judgment and where, after a jury trial, there was a finding for the plaintiff, see Elma Lewis v. Marvin Antelman, Mass. App. Ct. (1980) 1339.