Walsh, P.J.
This is an appeal from the denial of a motion for relief from judgement under Dist./ Mun. Cts. R. Civ. R. Civ. P., Rule 60(b)(1) or (6). Rule 60(b)(1) allows relief for “mistake, inadvertence, surprise or excusable neglect” and (6) for “any other reason justifying relief from the operation of the judgment.”
The original complaint alleged that the defendants failed to make payments on a lease dated June 21, 1979. The premises were in a shopping mall in Holyoke, Massachusetts. The complaint was filed on May 2, 1980 and an ex parte attachment was allowed the same day.
The defendants did not file an answer but an attorney did file a motion to remove the *30 attachment. This motion was never heard, but the attachment was removed after negotiations between representatives of the plaintiff and defendants without counsel. The attorney filed no other pleadings.
On December 1, 1980, plaintiff applied for a judgment by default under Dist. /Mun. R. Civ. P., Rule 55(b)(2) and a hearing was scheduled for December 10, 1980. At the request of the same attorney who filed the motion to remove attachment, the hearing was continued to December 17, 1980 in order, as stated in the report, “to allow defendant and his counsel time to prepare.”
On December 17, 1980, the individual defendant (Latif) appeared at the hearing and filed a motion to continue along with an affidavit that he needed additional time to retain counsel for said action. The judge denied the motion for continuance and a hearing was held.[2] At the hearing, the defendant was given the opportunity to cross examine the plaintiffs witness and to make a full presentation of his defense.
After judgement was entered for the plaintiff, Latif filed the motion for relief from judgement indicated.
Defendant also filed an affidavit in support of his motion. He alleged he was not aware of the action until June 1980. The docket shows that an attorney, on May 9,1980, filed a motion to remove the attachment that had previously been allowed.
He further stated that he decided not to accept said attorney’s counsel and negotiated the release of the attachment himself. Also, that he engaged in negotiations with representatives of the plaintiff relating to the terms of the lease which is the subject matter of the action. Although he also claimed that he wanted more time to retain a lawyer, the report shows that an attorney arranged for a continuance from an earlier scheduled date to the actual hearing date, allegedly for the purpose of preparation. The judge may have believed, as argued by plaintiff, that Latif s actions were merely to delay the payment of rent due under the lease and may not have believed the testimony in support of the motion. Alaimo v. Fredette, 4 Mass. App. Ct. 866 (1976).
A motion under Rule 60 is addressed to the trial judge’s judicial discretion and is generally not reviewable except for a clear abuse of discretion. Schulz v. Black, 369 Mass. 958, (1975). Trustees of the Stigmatine Fathers, Inc. v. Secretary of Adm’n & Fin., 369 Mass. 562 (1976).
In upholding the allowance of a motion for relief from judgment under Dist./Mun. R. Civ. P., Rule 60(b)( 1), the Appeals Court in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430 (1079) held that one of the factors to be considered on granting relief should be “whether there is a showing either by way of affidavit, or otherwise apparent on the record,that the claim sought to be revived has merit. ” The record in the case before us does not meet that test.[3]
Although in th e Berube decision the Appeals Court found no abuse of discretion in the allowance of the motion, it went on to say that had the judge refused to allow the motion, it would also have found no abuse of discretion. 7 Mass. App. Ct., at 435.
There is no showing of an abuse of discretion in this case and we dismiss defendant’s report.

 The report states that a hearing was held on the merits but the docket reveals the default was never removed. It would appear that a hearing on damages was held at which the plaintiff and individual defendant presented evidence.

 Defendant. Latif. also had attached to his brief what purported to be a transcript made from the tape of the heanng of December 17, 1980. The plaintiffs witness broke down the various charges called for under the lease. Latif never denied the signing of the lease but attempted to show that the charges made were out of line when compared to his other five stores in Massachusetts and Connecticut