Silva, J.
This is an action of tort in which the plaintiff originally sought to recover $1327.00 for property damage sustained by her as a result of the alleged negligence on the part of the defendant on March 16, 1976. The answer is a denial of negligence and a plea of contributory negligence of the plaintiff. The action was commenced on March 8, 1977. On September 10,1977, an agreement for judgment for the plaintiff in the amount of $600.00 and judgment satisfied was filed at court, the defendant’s employer Town of Milton having paid the plaintiffs attorney $600.00, the agreed settlement price. The action had been filed by the plaintiffs insurance company in the plaintiffs name, said company having been subrogated to her property damage rights and her claim for $200.00 for medical bills.
On December 5,1977, the plaintiff commenced a second suit in the Norfolk Superior Court against the defendants, Peter Keenan and the Town of Milton, for personal injuries sustained by her as a result of the alleged negligence of both defendants in the accident that had occurred on March 16, 1976. On December 23, 3977, the defendants filed answers to the second action and set up the judgment in the first action as a defense.
On November 10, 1978, some fourteen months after the judgment was entered in the original action, the plaintiff filed a motion for relief from judgment and to strike the agreement for judgment and judgment satisfied.
The motion was heard on January 17, 1979. At the hearing on the motion, arguments by counsel for both parties were heard. No evidence was introduced other than the papers on file, including the complaint and the agreement for judgment and judgment satisfied. No affidavits were submitted in support of the motion.
Before the arguments, the defendant made the following requests for rulings on the plaintiffs motion:
1. As a matter of law, the plaintiff has not shown a reason sufficient in law for the court to allow her motion for relief from judgment.
2. As a matter of law, the plaintiff’s motion for relief from judgment was not timely filed.
*234 On January 18,1979, the court made the following order: ‘ ‘Defendant’s requests for rulings denied by Virostek, J. Plaintiff’s motion for relief allowed on condition that $600.00 be returned to the Town of Milton. Virostek, J.” The defendant claimed a report. No draft report was settled nor sought to be established before the Appellate Division up to and including the time of trial. The Plaintiff filed a motion to “Dismiss Draft Report” onJune 17,1980 but this motion has not been marked for hearing or acted upon to this date.
Subsequently, the Superior Court action was transferred to the District Court and was dismissed on August 12, 1980.
On April 1, 1980 the plaintiff filed a Motion to Amend Complaint by adding a count for damage for personal injuries. Shortly thereafter a second Motion to Amend Complaint was filed seeking to add the Town of Milton as a party defendant and seeking damages for personal injuries against the Town. Both motions were allowed by Whitman, J. on August 1, 1980 and the case was assigned for trial on October 6, 1980.
The defendant, Peter Keenan, duly objected to the allowance of the motions and alleges that the allowance of the same and the assignment of the case for trial violates the provisions of Mass. R. Civ. P., Rule 64(c)(5) which requires that until the report is allowed, all motions and other interlocutory matters shall be heard by the trial judge. There is no merit to the defendant’s argument that Mass. R. Civ. P., Rule 64(c)(5) mandates hearing of these motions by the Trial Judge. 64(c)(5) is limited to and concerned with post trial motions. Allowance of the motion to vacate by Virostek, J. placed this case in a pre-trial posture.
The defendant, Keenan, further alleged that the assignment of this case for trial before the hearing of his appeal set out in the prior draft report filed with Virostek, J. is erroneous as a matter of law. The requested rulings which became the basis for the first Draft Report were denied January 17, 1979. The Draft Report was filed January 24, 1979. From that date to the date of trial October 8, 1980 (about 22 months), no action was taken to perfect the appeal. But for the fact that this involved an interlocutory matter, it could have been considered a denial for failure of the Trial Judge to act within 3 months thereof.
The defendant then amended his answer to set out three affirmative defenses, namely (1) that the defendant wasexempt from liability because of the provisions of G.L. c. 231, § 6D in that the plaintiffs medical expenses did not exceed $500.00 nor did the plaintiff suffer any permanent and serious disfigurement; (2) that the plaintiff had assigned her rights to recover for medical and other expenses to the Aetna Casualty and Surety Company and that thereafter said company executed a release of the claim for a valuable consideration, and (3) that the judgment the plaintiff recovered was paid in full by the defendant on September 13, 1977 and consequently the proceedings were conclusive against the plaintiff.
Prior to the time the proceedings to settle the report to the Appellate Division on the propriety of the Judge’s action in granting the plaintiff’s motion for relief from judgment, in allowing amendments to the complaint, and in assigning the case for trial were completed, the case was ordered to trial before a different judge on October 8, 1980.
At the trial there was evidence tending to show:
That the plaintiff was operating her motor vehicle on a public highway in Milton around 9:00 P.M. on March 16,1976 when the vehicle was involved in a collision with a town of Milton snow plow being operated by the defendant, Keenan, the wrong way on a one-way street. There was further evidence that the plaintiff at the time was a legal secretary: that she was taken to the Milton Hospital for treatment and subsequently treated by her own doctor and that her medical bills from the accident amounted to $189.00. The plaintiff had no trouble with her nose before the accident but after the accident she had a lump on her nose and a “well healed scar on the dorsum of the nose *235 somewhat depressed and irregular running vertically along the ridgeline at the junction of the bone and cartilage”. The depressed scar was 5 to 6 mm. long. Pictures of the plaintiff before and after the accident were introduced in evidence. It was stipulated that a second doctor would testify that he examined the plaintiff on July 2, 1979 and that a surgical procedure to correct the bump on plaintiff s nose would cost between $3500.00 and $4000.00 and a second minor procedure thereafter would cost $400-$500.
The release executed by Aetna Casualty and Surety Company for $600.00 consideration was introduced together v/ith the Agreement for Judgment and Judgment Satisfied filed in the case on September 10, 1977. It was stipulated between the parties that the $600.00 was paid to Parasco & Levy, the attorneys who commenced the present suit on March 8, 1977.
There was further evidence that the first time that any notice that a personal injury claim was being advanced by the plaintiff was when the second tort action was commenced against the defendant on December 5, 1977.
The trial of the present action began on October 8,1980 and continued on October 14, 1980 when the presentment of evidence ended. On October 22, 1980 during the final arguments by counsel, an attorney for the plaintiffs insurance company tendered the return of the $600.00 settlement payment made by the Town of Milton in September of 1977. The tender was not accepted. There was no evidence that any other attempt was ever made to return the $600.00 from January 18, 1979, the date of the allowance of plaintiff s motion for relief from judgment on condition that $600.00 be returned to the Town of Milton.
During the course of pretrial proceedings subsequent to January 18, 1979, the defendant at no time offered any objection based upon the non-retum of the $600.00.
At the close of the trial and before the final arguments, the defendant made the following requests for rulings:
1. The evidence does not warrant a finding that the reasonable and necessary expenses incurred in treating the injuries sustained by the plaintiff in the accident exceed $500.00.
Allowed.
2. The plaintiff injured in a motor vehicle accident cannot recover for pain and suffering against the defendant unless her medical expenses exceeded $500.00. Denied. This is manifestly an incomplete statement of the law.
3. The evidence does not warrant a finding for the plaintiff.
Denied. See Findings of fact.
4. The evidence does not warrant a finding that the defendant was negligent. Denied. See Findings of fact.
5. The evidence does not warrant a finding that the plaintiff was free from contributory negligence in the happening of the motor vehicle accident.
Allowed.
6. As a matter of law, the Aetna Casualty and Surety Company had a right to initiate a law action in the name of the plaintiff to whose rights the Company was subro-gated. Mass. R. Civ. P., Rule 17(a).
Allowed.
7. As a matter of law, the release of the Aetna Casualty and Surety Company dated August 1, 1977 and running in favor of the defendant and the Town of Milton is a bar to the plaintiff recovering for either personal injuries or property damage in the present action.
Denied. See Findings of fact.
8. As a matter of law, the judgment entered for the plaintiff on September 12, 1977 and the satisfaction of the same by the payment of $600.00 is a complete bar to the plaintiffs recovering in this action.
*236 Denied. The judgment referred to has been vacated. In any event, the defendant has failed to convince the court the Judgment was entered into with the authority of the plaintiff.
9.As a matter of law, the judgment for the plaintiff entered on September 12, 1977 was never vacated if the $600.00 was never returned to the Town of Milton. Denied. It was incumbent on the defendant to move for reinstatement of the Judgment if a condition subsequent was not satisfied. The defendant has chosen to position himself on the ground that the order vacating the Judgment was unlawful.
10. The evidence does not warrant a finding other than that neither plaintiff nor any other party ever returned the $600.00 to the Town of Milton.
Allowed. But see Findings as to tender.
11. The evidence does not warrant a finding that the plaintiff sustained both permanent and serious disfigurement as a result of the accident.
Denied. See findings and photographic exhibits and stipulation as to testimony of physician.
12. The evidence does not warrant a finding that the plaintiff within four years of the accident entered into any binding obligation fo>- the payment of medical services to any amount in excess of $400.00.
Allowed.
The Court found for the plaintiff on Count 1 in the sum of $495.00 and on Count 11 in the sum of $3953.00. The count against the defendant Town of Milton was waived.
The court made the following special findings of fact.
The Plaintiff while driving her Volkswagen was involved in a motor vehicle collision with a truck operated by the Defendant Keenan, as an employee of the Town of Milton on March 16, -1976 on Adams Street, a one-way public way in the said town. The truck was plowing snow during a snow storm and ■travelling the wrong way on the highway. Upon seeing the Plaintiffs motor vehicle the Defendant did not slow down, apply his brakes, or sound his horn. Both parties were negligent, the Defendant to the extent of 55% and the Plaintiff to the extent of 45%. The Plaintiff has incurred to date medical bills in the amount of $189.00 but also suffered injury to her nose. She is left with a scar on the bridge of her nose which satisfies the statutory definition “permanent and serious disfigurement”, given the site of the injury on her person. The parties have stipulated that a pi astic surgeon would testify that the Plaintiff has a permanent bump on her nose, that a corrective plastic procedure would cost $3500.00-$4000.00 on an inpatient basis, $300.00-$400.00 on an outpatient basis and that the condition was causually related to the accident.
During an earlier stage of the proceedings, an agreement for judgment was entered into by an attorney acting for the Plaintiffs collision insurer. That judgment has been vacated on condition that monies paid thereunder be returned, the Defendant has claimed review by way of Report of the Courts action. The attorney who agreed to settle for $600.00 tendered return of the said sum to counsel of the Defendant on October 22, 1980 at 10:55 A.M. in court. The tender was not accepted. On August 1, J 977, one Susan E. Rhodes who identified herself as “Aetna Casualty and Surety Company by Susan E. Rhodes’ ’, signed a form of release in favor of the defendants. Her authority to do so did not appear. By its terms, the court finds it was a release, if one at all, only with regard to claims of the Aetna Casualty Company against the defendants, and was not a release binding upon the plaintiff in this case. Moreover, fairly read, it released only a property damage claim and P.I.P. claim for $200.00.
*237 The defendant timely filed a Motion for New Trial or to Amend Findings and Judgment which was denied.
The defendant claims to be aggrieved by:
1. The allowance of the plaintiffs motion for relief from judgment on January 18, 1979 and the denial of the defendant’s two requests for rulings filed relative to said motion;
2. by the allowance of the plaintiffs two motions to amend the complaint on August 1, 1980 and the court’s action in assigning the case for trial at said time:
3. by the denial of the trial judge of his request for rulings numbered 2,3,4,7, 8, 9, and 11: and
4. by the denial of his Motion for a New Trial or to Amend findings and Judgment.
Rule 60 motions are addressed to the judge’s discretion and his decision to vacate or not will be reversed, “upon a clear showing of an abuse of .discretion”. Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). Rule 60 (b) explicitly allows the court to condition the vacation of judgment “upon such terms as are just”. Toward that end, motions to vacate, when allowed, tend to place the parties in a position where neither side is prejudiced or unfairly damaged. A motion under this rule is addressed to the trial justice’s judicial discretion, and is generally not reviewable except for a clear abuse of that discretion. Bogue v. Imported Auto Sales and Service of Dedham, 59 Mass. App. Dec. 124 (1976); Forte v. Muzi Motors Inc., 5 Mass. App. Ct. 700 (1977); Trustees of Stigmatine Fathers Inc. v. Secretary of Administration and Finance, 369 Mass. 562 (1976).
The defendant’s request for rulings filed prior to argument on the Rule (60)(b)(6) motion raises the question of timeliness. Unlike Rule (60)(b)(l), (2) and (3) motions which must be filed not more than one year after the judgment, order, or proceeding was entered or taken, Rule (60)(b)(6) motions must be filed within a reasonable time. The issue of, “reasonable time” is addressed only to the discretion of the trial judge. Chavoor v. Lewis, 1981 Mass. Adv. Sh. 1467, 1471, n.6.
Rule 15 establishes a very liberal amendment policy: “(A) party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall hefreely given when justice so requires”. Mass. R. Civ. P. 15(a). As with most motions, it is within the trial judge’s discretion to allow amendments of the complaint filed. Eva-Lee Inc. v. Thompson General Corp., 5 Mass. App. Ct. 823 (1977); Gil v. North Shore Radiological, 8 Mass. App. Ct. 1711 (1980); Castellucci v. U.S. Fidelity and Guaranty, 372 Mass. 288 (1977). A motion to amend should be allowed unless there is some good reason to deny it; if it is denied, the record should show some reason, express or apparent, for denial. Evans Products Co. v. D.J. Development Corp., 6 Mass. App. Ct. 306 (1978); Coolidge Bank v. First Ipswich, 8 Mass. App. Ct. 348 (1980); Town of Lexington v. Town of Bedford, 378 Mass. 562 (1979).
Request #2 was denied for the reason that it was an incomplete statement of the law. The requested ruling was extracted from G.L. c. 231, §6D, which upon reading confirms that it was in fact an incomplete statement.[1]
*238 As to the denial of requests 3, 4 and 11 which were framed in such a manner that allowance would have mandated a finding for the defendant as a matter of law, we find no error. The Court’s finding indicated that the scar on her nose, in the nature of a permanent lump, would require corrective surgery. The question of serious and permanent disfigurement is a factual matter for the determination of the trial justice. Telles v. Macedo, 59 Mass. App. Dec. 150 (1977).
There was no error in the denial of requests 7 and 8 as the insurance company as the subrogated party could only release the interest to which it has been subrogated, namely, property damage and P.J.P. coverage. As the collision carrier, it had no interest in the personal injury aspect of the case. The initial suit by Aetna Insurance Company in the name of the plaintiff sought recovery for property damage under the subrogation agreement. The subsequent suit in the Superior Court was predicated on a claim for personal injury. Clearly the subrogated party’s authority to release is co-extensive with its interest as subrogee. Since the release was general in nature and sought to extinguish the personal injury claim, it is a nullity without the authority or subsequent ratification of the plaintiff. The subrogated party acquires no greater rights than those of the party for whom it is substituted. U.S. Fidelity and Guaranty Co. v. N.J.B. Prime Investors, 6 Mass. App. Ct. 455 (1978); quoting Jackson Co. v. Boylston Mutual Insurance Co. 139 Mass. 508, 510.
The defendant argues that inasmuch as the vacation of the judgment was condition on the payment of $600.00 to the Town of Milton, the money not having been paid, the judgment was not vacated and the denial of request #9 was error. We do not agree.
Tender and refusal thereof is equivalent to performance. Hepburn v. Auld, 5 U.S. (I Crunch) 321. The court found that the money was tendered and refused, therefore the required condition was met and judgment vacated.
A judge has broad authority to grant or deny a new trial and his determination will be reversed only for a clear abuse of discretion. Galvin v. Welsh Manufacturing Co., 1981 Mass Adv. Sh. 169. The question of whether to allow a motion for a new trial lies within the judge’s sound discretion, and his decision thereon will not be disturbed on appeal unless there is a showing of an abuse of that discretion. City of Worcester v. Eisenbeiser, 1 Mass. App. Ct. 345 (1979). We find no abuse of discretion on the part of the various justices involved.
There being no prejudicial error, the report is dismissed.

So ordered

 G.L. c. 231, §6D: “In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of motor vehicle within this Commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses are determined to be in excess of five hundred dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing as is described in paragraphs (a), (b), (c), (d), (e), (f), and (g) of section thirty six of chapter one hundred and fifty-two or (5) consists of a fracture”.