Silva, J.
This action is brought to recover damages for willful and/or negligent misrepresentations allegedly made by the defendant, a used car dealer, with regard to the condition of an automobile sold by the defendant to the plaintiff. The complaint also alleges a breach of contract.
On September 25, 1981, the defendant filed a second set of interrogatories addressed to the plaintiff. Under Rule 33(a), a party upon whom interrogatories have been served has forty-five days to file an answer. The answers were due on November 9, 1981. During the interim period the plaintiffs attorney of record, Mr. Mitchell, suffered a heart attack. On November 5,1981, forty-one days after the second set of interrogatories were filed, the defendant filed an application for dismissal pursuant to Rule 33(a).[1] Upon the defendant’s application for dismissal, the Court notified the plaintiff of the defendant’s Rule 33(a) request. The plaintiff then had thirty days in which to file the answers to the interrogatories. In default thereof, upon reapplication of defendant, a judgment would be entered for the defendant. The thirty days would have expired on December 7. On November 18,1981, the plaintiff filed a motion for a protective order pursuant to Rule 26(c) requesting the Court to strike the discovery requests filed by the defendant. This motion alleged that the discovery was made for harassment and delay and not for any legitimate purpose. The motion was signed by William L. *188 O'Brien acting on behalf of the plaintiff in Mr. Mitchell’s absence. On December 1, 1981, another attorney of the law firm, namely Mr. Bourgeois, who had previously appeared at a motion session in July, argued the Rule 26(c) motion which was subsequently denied. On December 7, 1981, the defendant reapplied for final judgment of dismissal since no answers had been filed and the Court entered judgment for the defendant and dismissed the plaintiffs complaint.
We find no error on the part of the trial justice in granting the defendant’s application for a dismissal of the complaint. Even though dismissal is a severe sanction, it is appropriate where plaintiff or his counsel shows a lack of diligence and fails to take seriously the responsibility of conducting litigation in compliance with the Rules of Civil Procedure. Partlow v. Hertz, 370 Mass. 787, 790, (1976). In analyzing the procedural steps taken by the plaintiff, we find it difficult to understand why counsel opted for a protective order under 26(c) rather than answerthe seven interrogatories propounded in the second set. The plaintiff had a total of seventy-five days to answer the interrogatories. On November 18, 1981, nineteen days before the answers were due, the protective order was filed by Attorney O’Brien. This was thirty-five days after Mr. Mitchell suffered his heart attack. At this time, the plaintiffs attorney alleged that the protective order was needed because the discovery was only for harassment and delay and not for any legitimate purpose. On December 1, 1981, the plaintiffs motion for protective order was denied. By this denial Attorney Bourgeois, who appeared for the plaintiff, was on notice that if the answers were not filed by December 7, the judgment of dismissal would be entered. The language of Rule 33(a) is mandatory as it provides that once the interrogating party files an application for dismissal the Court notifies all parties that final judgment of dismissal will be entered unless the answers are filed within thirty days. If no answers are on file at the expiration of thirty days, the clerk shall enter an appropriate judgment. The language, “will” and “shall,” is mandatory and since the plaintiff failed to answer within the required time, a judgment of dismissal was appropriately entered.
While we recognize that the attorney of record became ill during the period of time when the answers were due, it is an undeniable fact that three other attorneys of Mr. Mitchell’s law firm have appeared on plaintiffs behalf in this case. During this discovery dispute, Mr. O’Brien and Mr. Bourgeois sought to quash the discovery request, and Attorney Bertrand filed a motion to vacate under Rule 60(b) in January and subsequently made two court appearances. It appears that even though Mr. Mitchell was ill, there were other attorneys available to handle the case. The problem was that they chose to try to quash the discovery under Rule 26(b) instead of filing the answers required by Rule 33(a). *189 When plaintiffs counsel was denied the Rule 26(b) motion there appears to be no excuse on the record why the Rule 33(a) order was not complied with nor any indication that plaintiffs counsel sought to secure more time for compliance. Based upon these facts and the language of Rule 33(a), the Court had no choice but to dismiss the plaintiff s complaint.
A motion for relief from judgment under Rule 60(b) is addressed to the judge’s discretion. Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration and Finance, 369 Mass. 562 (1976); Schultz v. Black, 369 Mass. 958 (1975); Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976).
It is the plaintiff s position that the failure to answer interrogatories was due to the severe and sudden illness of plaintiffs counsel, a circumstance over which he had no control, and that therefore the neglect was excusable. The plaintiff further contends that there was no prejudice to the defendant because of the delay in answering the interrogatories and therefore the trial court abused its discretion in denying the plaintiff’s Rule 60(b) motion. The decision of the trial judge will not be disturbed unless there is a clear showing of an abuse of discretion. Nolan v. Weiner, supra. Upon a review of the facts of this case considered in the light of the determining factors promulgated in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979), we find no abuse of discretion fin the part of the trial justice. The Rules of Civil Procedure serve the important function of organizing an efficient means of civil litigation. Absent a showing of excusable neglect, Rule 60(b) should not be a vehicle whereby careless attorneys can avoid the sanctions imposed by the rules for failure to comply therewith.
Report is dismissed.

 Rule 33 — INTERROGATORIES TO PARTIES
(a) Availability: Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.
No party shall serve upon any other party as of right more than thirty interrogatories, including interrogatories subsidiary or incidental to, or dependent upon, other interrogatories, and however the same may be grouped or combined; but the interrogatories may be served in two or more sets, as long as the total number of interrogatories served does not exceed thirty. The court on motion for good cause shown may allow service of additional interrogatories: or the party interrogated, subject to rule 29, may agree to such service. All interrogatories shall be numbered consecutively.
Each interrogatory shall be answered separately and fully in writing under the penalties of perjury, unless it is objected to, in which event the reasons for objection shall be stated in lieu of the answer; each answer or objection shall be preceded by the interrogatory to which it responds. The answers are to be signed by the person making them, the objections by the person or attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers and objections, if any, within 45 days after the service of the interrogatories, and shall forthwith file the original answers. *188 The court may, on motion with or without notice, specify a shorter or longer time. Unless otherwise specified, further answers to interrogatories shall be filed within 30 days of the entry of the order to answer further. The interrogating party may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory. Alternatively, for failure to file timely answers to interrogatories (or further answers, as the case may be), the interrogating party may file a written application, serving a copy thereof in accordance with Rule 5(a), specifying the failure and requesting that final judgment be entered for relief or dismissal (as appropriate). Upon filing of such application, the clerk shall notify all parties that final judgment for relief or dismissal will be entered unless the answers be filed either within 30 days from the date of the notice or prior to the filing of a reapplication for a final judgment for relief or dismissal, whichever is later.
At the expiration of 30 days from the date of the notice, or such further time as the parties may agree upon in writing filed in court or the court may allow, the interrogating party may reapply in writing for entry of final judgment for relief or dismissal. If no answers are then on file the clerk shall enter an appropriate judgment, subject to the provisions of Rules 54(b), 54(c), 55(b)(1), 55(b)(2) (final sentence), 55(b)(4) and 55(c).
The pendency of a motion to extend any time hereunder, unless the motion be assented to, or heard within 30 days of filing, shall not stay the entry of any judgment.