Black, P.J.
This is a civil action in contract brought by the plaintiff, Maine Drilling and Blasting, Inc., on February 19, 1985, against the defendant, Lorusso Corporation, for recovery of $24,369.40, representing labor and materials provided to the defendant pursuant to a written agreement. In its complaint, the plaintiff alleged that on June 25,1984, it entered into a written contract with the defendant to supply labor and materials to the defendant for the drilling and blasting of quarry stones in order to create aggregate rock. The plainitiff further alleged that it fulfilled its contractual obligation by supplying the agreed upon labor and materials. The defendant was credited with a partial payment, but a balance of $24,369.40 remained unpaid. Service of process was made to the defendant corporation’s agent on February 22, 1985. When the defendant failed to file any answer, a default judgment in the amount of $24,660.80, plus costs in the amount of $51.25, was entered and an execution issued on April 4, 1985.
On April 9, 1985, the defendant filed a “Motion To Have The Default Removed And To File An Answer Late.” On the same date, it also filed a “Motion To Remove Judgment.” The motions were argued before the *21 court on April 20,1985. During oral arguments, counsel for the defendant represented to the court that the defendant “neglected” to turn the complaint over to its attorney before the running of the time for answer or other pleading. The report of the trial judge indicates that no other evidence or representation was submitted to the court to describe the nature of the defendant’s neglect. Following the hearing, the defendant’s Motion To Remove Default And File An Answer Late was allowed, as was the Motion To Remove Judgment. At the request of the plaintiff, the trial judge voluntarily reported for appellate review the allowance of the defendant’s interlocutory motions.[1] No brief has been filed by the defendant with the Appellate Division, as required under Dist. /Mun. Cts. R. Civ. P., Rule 64, and counsel did not appear for appellate argument.
It appears that the defendant’s motion was allowed under Dist./Mun. Cts. R. Civ. P., Rule 60(b), which allows a judge to relieve a party from final judgment for any of the reasons set forth in subsections (1) - (6) thereof. It further appears that, in this case, relief was granted under Rule 60 (b) (1) for “mistake, inadvertence, surprise, or excusable neglect.” It is well established that the allowance of such motions is largely left to the “sound discretion of the trial judge.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979). See also Consumers Credit Union v. Florentine, 1979-80 Mass. App. Div. 447, 449, Greenspun v. Stein, 492 F.2d 375, 382 (1st Cir. 1974). Accordingly, Rule 60 motions will not be reversed except for error of law or except “upon a clear showing of an abuse of discretion.” Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976); Parrell v. Keenan, 1982 Mass. App. Div. 233, aff’d 389 Mass. 809 (1983). Rule 60 (b) (1) does not allow relief from all neglect, only excusable neglect. In order to determine if the neglect was excusable, the excuse for the neglect must be offered by the party seeking relief. In this case, the trial justice has reported that the defendant neglected to “turn the complaint over to its attorneys before the running of the time for answer or other pleading. No other evidence or representation was submitted to the court to describe the nature of the defendant’s neglect.” No excuse having been offered for the neglect, the trial justice was not in a position to determine if the neglect was excusable. Because neglect can cover a broad spectrum from unintentional to intentional, there was no evidence of record that would support a conclusion that the neglect was unintentional rather than intentional.
In determining what constitutes “excusable neglect,” relief should be granted only if the party seeking relief demonstrates that the neglect was ' excusable and not due to his own carelessness. See Petition of Pui Lan Yee, 20 F.R.D. 396 N.D.Cal. 1957); Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.N.J. 1952) 8 Mass. Pr. Series p.462-463. Of equal importance is the fact that the party seeking the relief bears the burden of establishing the excusable neglect. The reasons must be substantial. For example, the misplacing of papers in the excitement of moving of attorney’s office was held not to constitute excusable neglect sufficient to relieve the party from a default judgment entered for failure to file an answer. Standard Newspaper Inc. v. King, 375 F.2d 115 (2nd Cir. 1967): Knapp v. Cramer, 1980 Mass. App. Div. 11. It was also held not to be excusable neglect where the defendant chose not to defend an action on a promissory note, in *22 reliance on her brother’s assurance that “he would take care of the matter.” Consumer Credit Union, supra, at 448. We have addressed the issue of Rule 60 motions involving alleged excusable neglect in at least three recent cases. In the first, Cappuccino v. Joy Health Spa of Canton, Inc., 1983 Mass. App. Div. 117, we held that the trial judge did not err in denying Rule 60 relief where the defendant had been defaulted for failure to answer the trial list and asserted that it had been her impression that the matter had been resolved by counsel by forwarding a specified sum to the plaintiff together with court costs and attorney’s fees. In the second case, Walsh Sheet Metal Works, Inc. v. Naser, 1983 App. Div. 265, we again sustained the denial of the defendant’s motion for Rule 60 relief where the defendant had failed to answer the plaintiffs interrogatories and it was acknowledged that because of the efforts being made towards settlement the interrogatories had been “simply neglected.” The affidavit in support of the motion indicated that the defendant’s attorney had been dismissed during the pendency of the litigation and the defendant had failed “due to other problems” to retain new counsel. Finally, in Rogers v. Shay, 1984 Mass. App. Div. 105, the trial judge’s denial of Rule 60 relief was sustained where it appeared that there had been valid service upon the defendant and that she had failed to retain counsel or otherwise defend the action until her property was about to be levied upon pursuant to the judgment and execution obtained by the plaintiff by default.
Obviously, the criteria set forth in Berube v. McKesson Wine & Spirits Co., supra, involve a balancing of interest. Those criteria are as follows:
1. Whether the offending party has acted promptly after entry of judgment to assert his claim for relief.
2. Whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit.
3. Whether the neglectful conduct occurs before trial, as opposed to during, or after the trial.
4. Whether the neglect was the product of a consciously chosen course of conduct on the part of counsel (or the party).
5. Whether prejudice has occurred to the other party.
6. Whether the error is chargeable to the party’s legal representative, rather than to the party himself.
While it is true that in the instant case the defendant’s neglectful conduct occurred before trial and that it acted promptly after the default •judgment was entered, the report does not disclose whether the defendant has a meritorious defense, either by affidavit or during oral argument on ' the motions before the trial judge. The report states that “(The defendant also filed a ‘Defendant’s motion for removal of attachment’ with a supporting affidavit. That motion is not the subject of this report.)” The affidavit filed with that motion was not included with the report which is the subj ect of this appeal. Mor e importantly, while the defendant’s neglect is apparent from the report, there is absolutely nothing in the report that even remotely suggests that the neglect was “excusable,” as required by ■ Rule 60 (b) (1), in order to justify the granting of relief thereunder. Nor is it true that the failure to answer the plaintiffs pleading was due in any part . on negligence or the deliberate stragegy of counsel. We would point out that while courts have been less reluctant to penalize parties for the negligence of counsel, here the failure to answer seems to be entirely the fault of the defendant. A party remains under a duty to take legal steps to *23 protect its interests and a simple disregard or neglect of that duty does not ordinarily justify relief from judgment. Consumer Credit Union v. Florentine, supra, at 449 Greenspun v. Stein, supra, at 382.
We should also note that relief in this case under Rule 60 (b) (6) cannot be granted. Unlike a Rule 60 (b) (1) motion, which must be brought within one year, a motion under Rule 60 (b) (6) can be brought “within reasonable time.” Therefore, relief under this rule is “appropriate only when based on some reason other than those stated in Rule 60 (b)(1) - (5) . . .” Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217 (1979); Parrel v. Keenan, 389 Mass. 809, 814 (1983). The moving party, must therefore, demonstrate that relief is not within Rule 60 (b) (1) - (5) in order to qualify under Rule 60 (b) (6). This the defendant has failed to do since the basis of relief is alleged to be “excusable neglect.” The moving party must also set forth a meritorious defense, Frack v. Consolidated Fuels, Inc., 1980 Mass. App. Div. 190, which, as previously noted, the defendant did not do.
Inasmuch as the report of this case fails to disclose any grounds upon which a finding of “excusable neglect” could be based, we must, of necessity, conclude that the allowance of the defendant’s motions constituted error by the trial judge. In this connection, we are compelled to point out that information contained in and inferences drawn from docket entries and an affidavit incorporated in the report of the trial judge (and which the trial judge in his report has explicitly excluded from consideration, i.e. the affidavit supporting the defendant’s Motion For Removal of Attachment), should not serve as a basis for resolution of the appellate issues in this case. As to factual matters, Dist./Mun. Cts. R. Civ. P., Rule 64 (f) clearly limits our consideration of the appellate issues to the evidence set forth in the report. While docket entries may be crucial in the determination of some appellate issues, as for example, the timeliness of the filing of a draft report [Microsonics, Inc. v. Comrex, Corp., 39 Mass. App. Dec. 229 (1968)], and may be referred to for the purpose of determining whether a finding was entered for one party or the other [National Bank & Trust Company v. Stagnaro, 25 Mass. App. Dec. 58, 68 (1962)], such entries should not serve as a basis for factual determinations under circumstances such as here presented. The report of a case is required, by the terms of Rule 64 (c) (2), to include all essential facts necessary to a full understanding of the issues being presented for appellate review, and must so state. The report serves as a basis for appellate briefs and oral argument before the Appellate Division. To predicate a decision of the Appellate Division upon factual information not contained in the report creates a substantial risk of a manifest injustice in that it assumes the existence of facts not in evidence and denies the parties an opportunity to address such matters in their briefs and in oral argument. This clearly oppugns both the letter and the spirit of Rule 64.
In light of the foregoing, the allowance of the defendant’s motions are vacated and judgment is entered for the plaintiff, unless upon further hearing (at the sole discretion of the trial judge) it is determined that there was “excusable neglect” under Rule 60 (b) (1) in accordance with the principles set forth herein.

 To the extent that this case could be considered an appeal, we rule that the trial judge had the power to rule on the defendant’s motions. Chavoor v. Lewis, 383 Mass. 801 (1981).