Dolan, J.
Defendants appeal from the denial of their Dist./Mun. Cts. R. Civ. P., Rule 55(c) motion to remove a default that resulted from their failure to appear on the scheduled trial date. The motion was denied for the reason that the motion judge ruled that he did not have the authority to allow the motion for the reasons stated by defendants. We reverse and remand.
This is an action of contract for plumbing work performed by plaintiffs at defendants’ residence. Defendants denied the allegations of the complaint and counterclaimed for damages allegedly incurred as a result of plaintiffs’ incomplete and unsatisfactory work.
In November 1987, the attorneys for the parties sought a trial date from the court and were advised that no trial dates were available in the near future. Counsel for defendants then requested that the civil trial assignment clerk assign a trial date in January, 1988, even though there was no likelihood of actually having a trial on that date. The request was made because defendants’ counsel believed that a scheduled date might provide impetus for his clients to make an offer to settle the case. The assignment clerk scheduled the case for trial on January 19,1988 with the express statement to the attorneys that the trial would not take place on that date.
Counsel for defendants then wrote to his clients to suggest that the case be compromised. He obtained an offer of settlement from his clients which he conveyed to plaintiffs’ counsel on December 2,1987. Plaintiffs’ counsel did not respond to the settlement offer, but did appear at court on January 19,1988 ready for trial. Defendants were defaulted for failing to appear for trial on that date.
On February 8,1988, defendants filed a motion to remove the default and a supporting affidavit. The supporting affidavit set forth the background of this case, including the representation of the civil trial assignment clerk that the case would not be reached for trial on January 19,1988, the belief of defendants’ attorney that the offer of settlement would be accepted, and the assertion that plaintiffs’ work was defective and caused damage to floors in defendants’ residence. The motion was denied and defendants appealed.
Rule 55(c) authorizes a court to set aside an entry of default for good cause shown. It is similar to a Rule 60(b) motion in that it is directed to the discretion of the motion judge. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 *44 Mass. 287, 289 (1984); Berube v. McKesson Wine & Spirits Company, 7 Mass. App. Ct. 426, 429 (1979). In exercising discretion, sufficient information must be available to the motion judge in order that the circumstances surrounding the default may be reviewed. Berube, supra at 433; Maine Drilling & Blasting, Inc. v. Lorusso Corporation, 1986 Mass. App. Div. 20, 21. Included among the facts to be considered are the reason for the default, whether the offending party acted promptly after the default, and whether the claim or defense has merit. Berube, supra at 430, 431; Maine Drilling & Blasting, Inc., supra at 22. The affidavit in this case and the court docket provide sufficient information for the sound exercise of judicial discretion.
A motion judge is in the best position to assess the merits of requests for this type of relief under the requirements of balancing efficient case flow with the litigants’ rights to a trial on the merits. Berube, supra at 434. The decision of a motion judge, acting within his discretion, will not be reversed except “upon a clear showing of an abuse of discretion.” Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). We would find no abuse of discretion if defendants’ motion was allowed. Accordingly, we reverse and remand for the motion judge to exercise his discretion and either allow or deny the motion in his discretion.