Dolan, PJ.
This is an appeal by plaintiff from an interlocutory ruling allowing defendants’ Dist./Mun. Cts. R. Civ. R. Rule 60 (b) (1) motion for relief from judgment on the grounds of excusable neglect. Pursuant to Rule 64(d), the motion judge reported this issue with an express written certification that the interlocutory ruling in question “so effects the merits of the controversy that it ought, in justice, to be determined by the Appellate Division before further proceedings are had”. Quint v. Moffie, 1987 Mass. App. Div. 133, 134. Goldberg v. F. W. Woolworth Co., 1991 Mass. App. Div. 55. We review and find no error.
This case arises out of a complaint filed by the plaintiff, Tracor, Inc., on February 7,1991, against the defendants, David M. Crawley, David M. Crawley, Inc., and David M. Crawley, Trustee of Hobs Hole Trust, in six counts, for recovery of $12,800, representing labor and materials allegedly provided to the defendants pursuant to a written agreement. Defendants were served with summons and complaint on February 25,1991. As a consequence of defendants’ failure to file a timely answer, a default was entered against them on March 25,1991. This default was removed on April 30, *14 1991 after motion and hearing on same. Defendants then answered the complaint, raising several defenses and a counterclaim. The counterclaim alleged breach of contract by plaintiff, stating that the work performed by the plaintiff had not been performed in a good and workmanlike manner.
On November 7,1991, plaintiff filed and served on defendants a set of interrogatories. When, on January 22,1992, no answers had been filed, plaintiff filed and served an Application for Judgment or for Dismissal under Rule 33 (a). The trial court notified thedefendantsonJanuary24,1992, stating, in pertinentpart,that“unless said answers are filed within 30 days of this notice or prior to filing of a reapplication for final judgment for relief or dismissal, whichever is later, the final judgment for (relief) will be entered pursuant to Rule 33(a).” On March 3,1992, plaintiff flied and served a Reapplication for Final Judgment for Relief or Dismissal for Failure to Answer Interrogatories. The docket indicates that on March 5, 1992, “plfts and deft in counterclaim Reapplication mailed this date (as to liability only)”. Judgment did not enter on the court docket on either the complaint or the counterclaim.
Nevertheless, on April 5,1992, the defendants filed a Rule 60(b) (1) Motion for Relief from Judgment, citing “excusable neglect” as the grounds in support of the motion. On April 27,1992, the trial judge allowed defendants’ motion for Relief from Judgment. Plaintiff appeals from this ruling.
A Rule 60(b) motion applies after judgment enters. Prior to the entry of judgment, a Rule 55(c) motion is applicable to set aside a default. Although judgment had not entered and a Rule 60 (b) motion was inappropriate, it is the substance of the motion, rather then the name, that is important. Holder v. Gilbane Building Co., 19 Mass. App. Ct. 214, 219-220 (1985). The Rule 60(b) motion for setting aside a default judgment contrasts with the more lenient “good cause” standard of Rule 55 (c) for setting aside a default. MPV, Inc. v. Department of Revenue, 26 Mass. App. Ct. 932, 933 (1988). The motion judge applied the more strict standard in contemplating vacating the default than was required. Although not necessary, we apply that same strict standard in our review.
It is well established that the “exercise of the power to grant relief from a judgment rests within the discretion of the judge....” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). See also Schulz v. Black, 369 Mass. 958 (1975). Moreover, the “decision of the trial judge will not be disturbed unless there is a clear showing of an abuse of discretion.” Feudo v. Goldman, 1983 Mass. App. Div. 187, 189. See also Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976).
The ruling here was well within the judge’s sphere of discretion. Although there was no affidavit filed with the motion, the motion signed by defendants' attorney, stated that defendant David M. Crawley had suffered a “significant injury” to his back which required hospitalization for “a period of time.” This made him unavailable, so it was stated, to meet with his attorney to formulate the responses to[1] plaintiffs interrogatories. The defendants’ neglect in filing timely responses to the plaintiff s interrogatories is adequately excusable in light of Crawley’s back injury and the resulting hospitalization. The injury prevented him from consulting with his attorney to formulate the necessary answers to plaintiffs interrogatories. This is a legitimate excuse, and within the judge’s sphere of discretion.
This excuse was incorporated in a motion signed by the attorney. Common practice would have included an affidavit filed with the motion. Farley v. Sprague, 374 Mass. 419, 424 (1978). However, by signing the motion, Rule 11 provided that the attorney certifies to it to the best of his knowledge, information, and belief. Bird v., Bird, 24 Mass. App. Ct. 362, 367 (1987). The weight to be given such a certificate is for the motion judge who “is in the best position to assess the merits of requests of this type of relief under the requirements of balancing efficient case flow with the litigants’ rights to a trial on the merits.” Berube, at 434.
This situation contrasts sharply with that in Maine Drilling & Blasting, Inc. v. Lorusso Corp., where the defendant failed to provide any excuse for his neglect in *15 giving his attorneys the complaint before “the running of the time for answer or other pleading”. Where no excuse is offered, there can be no finding that the default was excusable. 1986 Mass. App. Div. 20, 21.
The record was sufficient for the judge to consider the factors mentioned in Berube: (1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.
The motion was filed one month after default and prior to the assessment of damages; the answers to interrogatories filed with the motion alleges specific facts which if believed, con'stitute both a meritorious defense and a meritorious counterclaim; the neglectful conduct occurred before a trial; the neglect was not a consciously chosen course of conduct, but rather the result of medical problems; and the neglect, due to a medical condition, was not attributable to the parties. There was slight, if any, prejudice to the plaintiff as a result of the granting of relief.
Report dismissed.