## FEDERAL LAND BANK
### vs.
### Mary TORRES & another[1]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

December 9, 1980

Mark Rumley for the plaintiff.
Gary S. Pfisterer for the defendant.

Present: Mullaney, J., Walsh, P.J., McGuane, J.

MULLANEY, J. This is an action of tort to recover damages resulting from a

motor vehicle accident which happened on September 28, 1978. Herberto Torres was the operator of one of the vehicles. Suit was filed against him and against Mary Torres as she was the owner of the vehicle. Her proposed answer and defense is that at the time of the accident she was not the owner because her registration had been revoked due to cancellation of liability insurance coverage because of nonpayment of premium.

On or about April 13, 1979 a default was entered against Mary Torres. At a hearing for default judgment on April 24, 1979 the defendant appeared **pro se,** so the matter was rescheduled to May 22, 1979, to enable the defendant, Mary Torres, to file an answer.

No answer having been filed, a hearing on damages was held May 24, 1979. Damages were assessed for $2,427.48 plus interest. Defendant did not appear at this hearing. On May 25, 1979 judgment was entered against her for $2,427.48 plus interest from March 1, 1979.

Thereafter, Mary Torres retained counsel and on or about June 2, 1979 a motion to set aside default judgment was filed. This motion was denied without prejudice on July 2, 1979 because it was not accompanied by an affidavit.

On July 6, 1979 counsel filed a motion to set aside default judgment, remove default and allow late filing of defendant's answer. These motions were accompanied by an affidavit and defendant's proposed answer which included affirmative defenses.

On July 24, 1979 when the foregoing motions were heard, no further affidavits or testimony was heard. Counsel for defendant asserted that her failure to answer or otherwise defend was predicated on her inability to comprehend the significance of the proceedings against her and was otherwise the result of inadvertence or excusable neglect. Plaintiff's counsel asserted that in early March of 1979 Mary Torres called at his office upon receiving a copy of the summons and complaint. She was told that she would have to either pay the claim or defend. Plaintiff's counsel further stated that Mary Torres was at his office on March 12, 1979 and was again told she would have to defend if she chose not to pay.

---

[1] Herberto Torres

Mary Torres appeared at the hearing on damages on April 24, 1979 at which time, with the assent of plaintiff's counsel, she was given three weeks to answer. No answer was ever filed and judgment was entered against her by default. A denial of the motion was entered July 24, 1979. The only issue before us is whether denial of defendant's motion to set aside the default judgment was prejudicial error.

A motion for relief from judgment is directed to the discretion of the judge. Judgment may be set aside in accordance with Dist./Mun. Cts. R. Civ. P. Rule 60(b). The trial judge's decision relative to a motion filed under said rule is generally not reviewable except for a clear abuse of discretion. **Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration & Finance**, 369 Mass. 562, 565 (1976).

The question then is whether the trial judge abused his discretion in his denial of the motion. Abuse of discretion may be found only by deciding "that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." **Davis v. Boston Elevated Railway**, 235 Mass. 482, 502 (1920). The test is not whether we could or would have ruled differently than the trial judge but rather whether there was a clear abuse of discretion. The judge made no findings of fact in ruling on the motion. From the docket entries and from the statements in his report, he had some basis for ruling as he did.

There was no abuse of discretion and therefore no error in the trial judge's denial of the motion. The report is therefore dismissed.

So ordered.
Paul V. Mullaney
William T. Walsh, P.J.
Allan McGuane, J.