Black, J.
This is a civil action in contract brought on December 10,1980, by the plaintiff, Walsh Sheet Metal Works, Inc., against the defendants, Robert E. Naser, Robert E. Swain and Christie Construction Co., Inc., alleging that the defendants had entered into an agreement with the plaintiff calling for removal of a heating and circulating sytem and installation of a new heating and circulation system in a building undergoing renovation by the defendant, Christie Construction Co, Inc., (hereafter referred to as “Christie”) as a general contractor. The plaintiff further alleged that the agreement called for payment on a time and material basis and that the sum of $10,117.67 was due and payable for work performed by the plaintiff in accordance with the said agreement. A second count in quantum meruit was also set forth in this complaint in which the plaintiff also sought the sum of $10,117.67 in damages, plus costs, interest and reasonable attorney’s fees. The complaint also contained a third count which sought recovery under an account annexed in the amount of $10,117.67.
The individual defendants answered the complaint and filed a cross claim against Christie for indemnification of any amounts for which they might be held liable. Christie filed an answer admitting that the plaintiff had performed the labor and supplied the materials, but contended that the plaintiff had agreed not to exceed the sum of $2,400.00. Christie denied the allegations in the crossclaim.
On June 10, 1981, the plaintiff filed interrogatories to each of the defendants, including Christie, which Christie never answered andón April 5,1982, a default and default judgment were entered against Christie on account of its failure to answer the plaintiffs interrogatories. An execution was issued in the amount of $11,531.04 on April 6, 1982. On June 15, 1982, the defendant, Christie, filed a motion for an order setting aside the default judgment. The motion was supported by an affidavit of Frank Christiani, President of Christie, in which he stated that following commencemnt of the lawsuit there had been negotiations between Christie’s attorney and the other defendants with a view towards settling the case and that because of the efforts being made towards settlement the interrogatories were “simply neglected”. The affidavit further stated that Christie had been involved in numerous construction projects and other unre *266 lated litigation which had consumed all of the time of the affiant. Additionally, the affidavit noted that Christie’s attorney had been dismissed and the affiant stated that he “simply forgot about the interrogatories due to my other problems” . After being served with the execution, Christie retained new counsel and sought to vacate the default judgment.
The Motion to Set Aside the Default Judgment was denied on the grounds that the default judgment had resulted from the defendant Christie’s neglect, which the judge found to be inexcusable, noting that following the discharge of its attorney Christie did nothing to retain new counsel with respect to this case and other pending matters. The court also noted that the defendant, Christie, had done nothing with respect to the litigation for nearly a year. The defendant, Christie, duly requested a report on the denial of its motion.
Clearly Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) affords aparty relief from the effect of an otherwise final judgment for reasons of “mistake, inadvertance, surprise or excusable neglect”. A petition on motion filed under this rule is addressed largely, but not exclusively, to the discretion of the trial judge [Kravetz v. Lipofsky, 294 Mass. 80, 83 (1936)]. The Appeals Court in Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426 (1979) established the following criteria for reviewing motions under rule 60(b)(1):
(1) Whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefore;
(2) Whether there is a showing that the claim sought to be reviewed has merit;
(3) Whether the neglectful conduct occurs before rather than during trial;
(4) Whether the neglect was the product of a consciously chosen course of conduct on the part of counsel;
(5) Whether prejudice has resulted to the other party; and,
(6) Whether the error is chargeable to the party’s legal representative rather than the party himself.
Obviously the application of these factors contemplates a balancing of interests. In the instant case, the defendant, Christie, did not act promptly after judgment was entered against it. Nearly two months elapsed and it was only the fact that the Sheriff was literally knocking at the door that spurred the defendant into action. Secondly, the defendant has admitted liability but asserts that it is in an amount less than that claimed by the plaintiff. More important, however, the neglect in this case is direclty attributable to a deliberately chosen course of action by the defendant, Christie, namely discharging its attorney during the course of litigation, failing to retain new counsel and doing absolutely nothing in relation to the case for almost a year. There is nothing to suggest that the defendant, Christie, did not receive the plaintiffs interrogatories and the plaintiff s requests for production of documents filed onJune 10,1981, and November 3,1981, respectively, nor is there any allegation by the defendant, Christie, that it did not receive timely notice of the plaintiffs Motion for Default Judgment. The only conclusion that can be drawn from the record is that the defendant, Christie, has demonstrated at the very minimum a careless disregard for legal process and apparently now seeks relief from the folly of its ways.
In its own behalf, the defendant, Christie, asserts that its failure to answer the interrogatories was the result of forgetfulness on the part of its President, the affiant, Frank Christiani. Though understandable, such a reason is not cognizable with Dist./Mun. Cts. R. Civ. P.,Rule 60(b)(1). Aparty is under a duty to take legal steps to protect its interests, and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment [Stewart Sec. Corp v. Guaranty Trust Co., 71 F.R.D. 32, 34 (Okla. 1976); Smith’s Sons Co. v. Lattimer Foundry & *267 Mach. Co., 19 F.R.D. 379, 383 (Pa. 1956); Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975)]. Consequently, there is nothing to tip the balance in favor of the defendant, Christie, and we find no error in the denial of the defendant’s Motion to Vacate Judgment.
Parenthetically, we might note that since the defendant, Christie, disputed only the amount of its liability, the question of damages could properly have been the subject of an assessment of damages hearing. This matter was not addressed in its Motion To Set Aside The Default Judgment nor in its brief or oral argument. Therefore, the issue is deemed to have been waived [Dist./Mun. Cts. R. Civ. P., Rule 64 (f)].
There being no error, the report is dismissed.