CHIU-KUN WOO & others *vs.* RICHARD S. MOY & another. December 15, 1983. *Practice, Civil,* Relief from judgment, Judicial discretion. *Judgment,* Relief from judgment.

Prior to the hearing on their motion for summary judgment, the plaintiffs took the deposition of the defendant Moy, who was the president and treasurer of the co-defendant, 100 Tremont Street Corporation. That deposition discloses disputes over material facts concerning the plaintiffs' complaint, which alleged that the defendants had invited investment in a Chinese restaurant, that the plaintiffs had parted with money, and that they had not received stock in the restaurant corporation, as had been deceitfully promised. The deposition was not filed in court nor, in any way apparent on the record, called to the attention of the motion judge. Indeed, the motion judge expressly disavows that the deposition was brought to his notice. See *S. Kemble Fischer Realty Trust* v. *Board of Appeals of Concord,* 9 Mass. App. Ct. 477, 478-480 (1980). On the basis of the plaintiffs' unopposed affidavits, summary judgment entered. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976). *Vaughan* v. *Commonwealth,* 377 Mass. 914 (1979). *United States Fid. & Guar. Co.* v. *N.J.B. Prime Investors,* 6 Mass. App. Ct. 455, 456 n.3 (1978).

After judgment entered for the plaintiffs, the defendants timely filed motions under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), to amend or alter the judgment. New counsel for the defendants about three weeks later moved for relief from judgment under Mass.R.Civ.P. 60(b)(1) & (6), 365 Mass. 828 (1974). Those motions were denied. On appeal the only issue pressed by the defendants is the denial of the motion for relief from judgment.

Such a motion is addressed to the discretion of the motion judge. *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 429 (1979). The defendants ask us to reverse the action of the Superior Court judge on the ground that five of the six factors enumerated in *Berube* at 430-431 as warranting relief from judgment are present in this case. Their argument overlooks that aspect of the *Berube* opinion, at 433-434, which emphasizes that, in the final analysis, action on a rule 60(b) motion is discretionary and appellate courts will show marked deference to the lower court's resolution of such a motion. Summary judgment is not a casual procedure. It is a proceeding that bids fair to be dispositive of the

case and casual or supine reaction to a moving party's affidavits is not a
minor error. This was not a case where counsel for the party resisting
summary judgment could not be present. Compare *USTrust Co. v. Kennedy, ante* 131, 137 (1983). Compare the comparatively minor error in
*Berube* and the default judgment in *Mullen Lumber Co. v. F.P. Assoc.,
Inc.,* 11 Mass. App. Ct. 1018, 1019 (1981). The refusal below to vacate
judgment does not manifest "arbitrary determination, capricious disposition, or whimsical thinking," *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482,
496 (1920), or an "idiosyncratic choice," Restatement (Second) of
Judgments § 74, comment g (1982). The judge reexamined the record,
heard argument, and considered the opportunity counsel had prior to his
original order for judgment to amplify the record. He voiced his concern
about the finality of litigation, an appropriate consideration when acting
on a rule 60(b) motion. *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass.
App. Ct. at 434. We might well have acted differently on the motion to
vacate judgment, but we cannot say that the judge abused his discretion.

*Judgment affirmed.*

*Daniel F. Cashman (Gail M. Buschmann* with him) for the defendants.
*Geoffrey D. Wyler* for the plaintiffs.