Black, P.J.
This appeal involves an action in contract brought by the plaintiff-appellee, Anatole E. Boissoneau, d/b/a Flint Floor Covering, to recover payment in the sum of $4,793.00 for labor, materials and interest from the defendant-appellant, Leo St. Pierre, a general contractor. The materials were purchased by the defendant for the home of Mary Ganem, who is not a. party in this action. The complaint was filed with the Fall River Division on December 12,1984, and at the same time the plaintiff filed a motion for real estate attachment. On January 2, 1986, an appearance was filed for the defendant by Richard T. Gallone. The motion to attach real estate was allowed and a writ of attachment was issued on January 3,1985. No ans\yer was ever filed by the defendant. The plaintiff requested that a default judgment be entered against the defendant, and on March 26,1986, judgment was entered for the plaintiff in the sum of $4,900.00. On the same day, notice of the default judgment was issued. On April 4,1986, execution of judgment was issued. On May 28,1986, more than two months after the judgment for the plaintiff had been entered, the defendant filed a motion for relief from judgment and a memorandum in support of the motion. This motion was denied on June 4, 1985. On June 11,1985, the defendant filed a motion for reconsideration of the court’s denial of his motion for relief from judgment. The defendant also filed a request for a report and a suggested draft report on that same date. Defendant’s motion for reconsideration was denied on June 19, 1985. The defendant claims to be aggrieved by both the denial of his motion for relief from judgment and his motion for reconsideration.
At the outset, we should point out that the report of the proceedings submitted for appellate review fails to conform to the requirements of Dist./Mun. Cts. R. Civ. P., Rule 64 both as to form and content. First, the draft report reads more like a brief (which the defendant also failed to file in a timely . manner) than a draft report. Secondly, the draft report contains the; *103 statement “[t]his report contains all of the documents material to the questions reported” (underlining supplied). In Form 33 of the Dist./Mun. Cts. R. Civ. P., the pivotal word is “evidence” not documents. While the intentional omission of the prescribed statement could lead to a dismissal [Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255 (1976) ], the failure to use the precise language probably would not be grounds for dismissal perse. Cape Cod Bank and Trust Co. v. LeTendre, 384 Mass. 481 (1981). In this case, the problem is that, while stating that the report contains all the documents material to the appeal, none of those documents are included with the report. The report places great emphasis on affidavits filed by both parties in this case in showing that there was “excusable neglect” and that there was a “meritorious defense.” The failure to include the affidavits and other supporting documents makes it difficult, if not impossible, to determine whether the judge abused his discretion in denying the defendant’s motion. Rule 64 (c) (2) clearly states that “copies of the complaint or any pleadings necessary for the understanding or decision of the questions involved shall be annexed to or incorporated in the draft report” (underlining supplied). By only mentioning part of the statement contained in the affidavit in the report, and not attaching the entire text, the report is not complete and is ripe for dismissal.
Nevertheless, rather than dismiss the appeal solely on technical-grounds, we shall endeavor to address the defendant’s claim that his motion for relief from iudgment should have been allowed based upon a finding of “excusable neglect” under Dist./Mun. Cts. R. Civ. P., Rule 60 (b) (1). In essence, the defendant seems to claim that his failure to file a responsive pleading was predicated in his reliance on a conversation between his counsel and counsel for the plaintiff in which there was alleged to have been a discussion which led defense counsel to believe that his proceeding would be resolved by trial of the case of Leo St. Pierre v. Mary Ganem in the Bristol County Superior Court (Docket No. 12706). We note that there is no allegation by defense counsel that his inaction in this case was deliberately induced by the false statements by plaintiffs counsel. In short, the record strongly suggests that defense counsel believed that this case could be disposed of or settled short of a District Court trial on the merits and voluntarily and conscientiously elected to file no pleadings. As it turns out, it would appear that he was wrong. He now suggests that his error of judgment is tantamount to “excusable neglect.”
Ordinarily, relief under Rule 60 (b) (1) is left to the “sound discretion” of the trial judge. Berube v. McKesson Wine & Spirit Co., 7 Mass. App. Ct. 426 (1979); Consumer Credit Union v. Florentine, 1979-80 Mass. App. Div. 447, 449. The trial judge’s decision to vacate the judgment or not will be reversed only “upon a clear showing of abuse of discretion.” Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976); Maine Drilling & Blasting, Inc. v. Lorusso Corporation, 1986 Mass. App. Div. 20.
In Berube v. McKesson Wine & Spirits Co., supra, at 430-31, the Massachusetts Appeals Court set forth six factors to be used in determining whether or not there has been “excusable neglect” in a particular case.
1. Whether the offending party has acted promptly after entry of judgment to assert his claim for relief.
2. Whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revised has merit.
3. Whether the neglectful conduct occurs before trial, as opposed to during, or after the trial.
4. Whether the neglect was the product of a consciously chosen course of conduct on the part of counsel.
*104 5. Whether prejudice has occurred to the other party.
6. Whether the error is chargeable to the party’s legal representative, rather than to the party himself.
In the instant case, the judge did not abuse his discretion by denying the defendant’s motion. It would appear that the plaintiff could be prejudiced by the granting of this motion, since the judgment had been made and execution had been ordered. The defendant did not act promptly in bringing this action after judgment had been entered. The defendant waited for more than two months before bringing his motion. See Walsh Sheet Metal Works, Inc. v. Naser, 1983 Mass. App. 265 (A Rule 60 (b) (1) motion was not promptly filed and there was an elapse of nearly two months after the default judgment was entered). While it appears that the defendant did present affidavits in order to show there was a meritorious defense, they are not attached to the draft report, and the issue must be left to the trial judge’s factual determination. From the portions of the affidavits included in the report, the trialjudge could have reasonably concluded that there was no meritorious defense.
It would appear that the failure to file a responsive pleading rests solely upon the defendant’s counsel. Defendant’s counsel filed an appearance on January 1,1985, which was within the twenty-day time period during which a responsive pleading was to be filed. Dist./Mun. Cts. R. Civ. P., Rule 12. Counsel did not attempt to extend the period to file his client’s answer, nor did he make a motion to file his answer late. In the report, it was stated that the defendant’s counsel relied on conversations with the plaintiffs attorney, and based on his understanding that the matter would be resolved, did not file an answer. This alone does not constitute “excusable neglect.” In Naser, supra, the defendants’ counsel relied on conversations with the plaintiffs attorney, and based their reliance on negotiations with the plaintiff in which a settlement seemed close ■ at hand. Utilizing the Berube factors, we found that this would not be “excusable neglect.” Similarly, there is no “excusable neglect” in the case at bar. In other words, defense counsel’s error of judgment in believing that the case would be resolved without the necessity of responsive pleadings does not constitute “excusable neglect.” The trialjudge clearly exercised sound discretion in denying the defendant’s motion.
There being no error, the report is dismissed.