Larkin, J.
This appeal presents the not unfamiliar question of whether a motion judge abused his discretion ;in refusing to grant the appellant’s Rule 60(b) (M.R.C.P.) Motion for Relief from Judgment after appellant had failed to comport with judicially imposed time requirements for answering interrogatories. A second issue is whether there was error in awarding damages to the prevailing party — following the default — where there was neither a hearing nor an evidentiary predicate for the resultant award. In dealing with these dual issues, we find no abuse of discretion in the motion judge’s failure to grant the Motion for Relief from Judgment but do conclude that the award of damages, in an amount, apparently plucked like nitrogen from the air and devoid of evidentiary support, requires that the case be sent back to the trial court for a hearing on this issue.
Although the amount at issue here is comparatively small, the procedural path of the case — all of it contested at the pleading and pre-trial (discovery) stage — is tortuously labyrinthian.
The facts of record are as follows:
These actions had their genesis in a collision between two automobiles on January 28,1982. Following the accident, the original complaint was filed by John R. Weeks (appellant here) against Christopher Magliozzi and dated April *48 23,1984. The complaint was served upon defendant Magliozzi on May 1 Í;, 1984 and sought judgment in the amount of $1,400.00.
On May 30,1984, defendant Magliozzi filed his answers, two counterclaims and also a third-party complaint against the operator of the Week’s vehicle, Susan Weeks — the wife of John Weeks. The answers, counterclaims and third party complaint were served on John Weeks and Susan Weeks on May 31, 1984. Copies were sent to counsel for the Weeks on June 4,1984. Answers to the new complaint were filed on June 14,1984.
On July 6,1984, plaintiff John R. Weeks sent interrogatories to defendant Magliozzi. On October 18, 1984, defendant Magliozzi sent interrogatories to plaintiff John R. Weeks.
On February 4,1985, defendant Magliozzi filed answers to plaintiff John R. Weeks’ interrogatories. Plaintiff Weeks then brought a Motion to Strike certain of defendant’s answers and to require further answers to others of the interrogatories. These motions were heard on July 26,1985 and allowed but the judge in his order required that plaintiff Weeks answer defendant Magliozzi’s interrogatories forthwith. He ordered both parties to file answers within 60 days and indicated this on the motion.
Magliozzi filed the further answers within the time ordered by the Court. On September 4,1985, defendant Magliozzi also filed a Rule 33(a) application and sent a copy of the application to plaintiff John R. Weeks, clearly stating in the application that it was for dismissal of Weeks’ complaint and for judgment on the two counterclaims of Magliozzi. Also on September 4,1985 Magliozzi, as a third party plaintiff, filed and sent copies of interrogatories for the third party defendant, Susan Weeks, to answer.
On October 28, 1985, plaintiff John R. Weeks brought a Motion To Enlarge Time to Answer Interrogatories. This motion was heard by the same judge who had stipulated the time strictures noted above but the judge allowed the instant motion after Magliozzi’s counsel indicated his assent to the motion.
On November 25,1985, plaintiff John R. Weeks brought another Motion To Enlarge Time to answer and this was also assented to by counsel for Magliozzi.
On November 25, 1985, John R. Weeks, as counterclaim defendant, and Susan Weeks, as a third party defendant, finally submitted interrogatories to Christopher Magliozzi as a counterclaimant and third party plaintiff. Both sets of interrogatories consisted of twenty-three questions, consisting largely of requests for information already provided by Magliozzi on February 4, 1985.
On December 30,1985, plaintiff John R. Weeks brought a third Motion To Enlarge Time to answer the Magliozzi interrogatories of October 18,1984. This motion was opposed by Magliozzi. Following a hearing, the trial j udge[1] required that all parties answer ah, the interrogatories filed relating to all these actions within twenty days and' noted on the motion “20 DAYS ONLY, N.F.C.” (No Further Continuances). The judge also suggested that the parties-reach an agreement on duplicate interrogatories. The parties effectuated such an agreement dated December 30, 1985 stipulating that of the two new sets of Weeks’ interrogatories only five interrogatories need be answered.
On January 14,1986, Magliozzi filed the answers to the new interrogatories.
On January 14, 1986, plaintiff John R. Weeks filed a fourth Motion To Enlarge Time to answer defendant’s interrogatories. The Clerk’s office refused to accept the motion (apparently aware of the trial judge’s clear and unambiguous order that all interrogatories had to be filed within 60 days and that there were to be no further continuances.) Thereafter, neither plaintiff John R. Weeks nor *49 third party defendant Susan Weeks filed the interrogatories within the time.
On February 4,1986, Magliozzi filed a Rule 33(a) application for a second-time against plaintiff Weeks seeking dismissal of the Weeks’ complaint and judgment for Magliozzi against John R. Weeks in the two counterclaims. At the same time, Magliozzi filed aRule 33(a) application for judgment against Susan Weeks under the third party complaint.
On February 5, 1986, the same trial judge who had handled all previous proceedings, dismissed the original John R. Weeks complaint and also entered judgment for Magliozzi against Susan Weeks under the third party complaint in the amount of $2,200.00 plus costs and interest for a total of $2,677.75.
The subject matter of the present appeal, Motion For Relief From Judgment, dated February 17,1986 and postmarked February 18,1986 was filed by John R. Weeks and Susan Weeks and placed on a motion list for hearing on February 24, 1986. In the brief filed in support of the motion, counsel for the Weeks argued in his plea for mitigation that there had been difficulty contacting his clients because they were away on vacation. Counsel further argued that under Rule 60(b) (1) a court may relieve a party from judicial strictures if there has been “mistake, inadvertance, surprise or excusable neglect” and counsel suggested there was inadvertance or excusable neglect in this case.
At oral argument, counsel for Magliozzi before the motion judge — for the first time a different judge than had heard the previous proceedings — argued that claims the Weeks’ vacation interferred in counsel making contact was an unrealistic explanation given the sixteen month time period. Counsel for Weeks provided no further explanation for the failure to answer other than ( that the clients were on vacation.
Following the Rule 60(b) hearing, the judge denied the motion on March 10, 1986. The present appeal followed.
At the outset, we turn to the question of whether the motion judge abused his discretion in not granting the appellants’ Rule 60(b) Motion for Relief from Judgment. In seeking an affirmative answer to this question appellants'[2] counsel rely heavily on the decision of the Massachusetts Appeals Court in Berube v. McKesson Wine & Spirits Company, 388 N.E.2nd 309 (1979). Berube, it is argued, should be controlling here because it sets forth several factors, which, when measured aside the facts in this case, warrant relief from the present judgment. It is true that the court in Berube did indeed enumerate a number of factors several of which are present here as relevant to the decision making process under Rule 60(b)(1) of the Massachusetts Rules of Civil Procedure. But the clear thrust of Berube makes plain that the question of whether to allow or deny a Rule 60(b)(1) motion is a quintessentially discretionary one for the trial judge — one which will not lightly be set aside on appeal absent the most egregious countervailing considerations. Moreover, it should be emphasized that — unlike the context of the present proceedings —the court in Berube reviewed the actions of a judge who used his capacious discretion to allow a motion for relief from judgement. The instant case arises in a context where the judge denied the motion for relief from judgment. But, more significantly, apart from the difference in procedural posture, and, as intimated above, the court in Berube stated as a starting premise, in its analysis, that: “The exercise of the power to grant relief from a judgment rests within the sound discretion of the judge .. .”383 N.E. 2d 309 at311. And,after reviewing a range of apposite considerations, the court reemphasized its view *50 of the discretionary role of the trial judge in this area by stating:
.. the majority of cases decided under Rule 60(b) since its adoption in the Commonwealth have shown a marked deference to the decision reached by the lower court judges reflecting, in our opinion, a policy that the judges in motion and assignment sessions are in the best positions to assess the merits of requests for this type of relief under the requirements of balancing efficient case flow with the litigants’ rights to a trial on the merits.” Berube v. McKesson Wine and Spirits Company, supra 388 N.E. 2d 309 at 319 (1979). See also Davis v. Boston Elevated Ry., 234 Mass. 482, 126 N.E. 841 (1920).
The Appeals Court reaffirmed its Berube rationale in Woo v. Moy, 17 Mass. App. 949, 457 N.E. 2d 663 (1983). There in evaluating relevant factors, the court answered the appellants claim that, though they had met 5-6 of those factors held determinative in Berube, the motion judge had still denied their motion by stating: “Their argument overlooks that aspect of the Berube opinion . . . which emphasizes that, in the final analysis, action on a Rule 60(b) motion is discretionary and appellate courts will show marked deference to the lower courts resolution of such a motion.” 457 N.E. 2d 663 at 664 (1983). See also, Jabaily v. Cullen, 467 N.E. 2d 881 (1984) where the Appeals Court again sustained a motion judge who denied relief under Rule 60(b) by stating:
“The judge, in exercising his discretion, could properly have taken into consideration the fact that the defendant made scant effort to show a meritorious claim or defense.” Cf. Kline v. Gutzler, 464 N.E. 2d 399 (Mass. App. 1984); Old Colony, etc. v. Tacey Transport Corp., 406 N.E. 2d 434 (Mass. App. 1980); Grindlinger v. Grindlinger, 406 N.E. 2d 424 (Mass. App. 1980).
Having reviewed the entire record, we are unable to say that the motion judge abused his discretion in declining to allow the appellants’ motion. Given the totality of the circumstances, the judge could have found that the less than diligent course of these proceedings was either a purposefully elected plan of "benign neglect” or was the perverse result of the vagaries of a busy trial practice. What is clear is that the appellants had sixteen months to answer the first set of interrogatories and some five months to act on the second set. The only proferred “excuse” for the comparative inaction was the Weeks’ vacation over a two week period assertedly resulting in putative problems of communication between client and counsel. Had the motion judge concluded that this was sufficiently exculpatory to soften the strictures of the adverse judgment, it is unlikely that we would have set aside this result as an abuse of discretion. However, in proceedings like these, we must be mindful that it was the motion judge who had the entire documentary record before him, who heard the oral argument on the motion and presumably reviewed the memorandum supplied by counsel for appellants in support of the Weeks' position. The record further reflects that the motion judge had the matter under consideration for some two weeks before denying the motion. Under all of the circumstances — and removed as we are from the forum of first instance — we are not willing to "second guess” the motion judge — a value judgment that would be implicit in a determination that he had either tacitly or overtly “abused his discretion." Accordingly, we conclude that there was no legal error in the decision of the trial judge in denying the appellants' Rule 60(.b) Motion for Relief from Judgment.
However, on the second issue, we believe that there was error in the action of the judge in making an award for a stipulated amount where no assessment of damages hearing had ever been held and where the amount at issue was neit her fixed nor determinate. Our review of the record fails to give any hint as to how the damage, interest and cost figures had been determined. From all *51 that appears from the record, it appears that the session clerk had simply copied in the ad damnum amounts and thereafter computed interests and costs. Again given the total record, and its procedural posture, we believe that the case should be returned to the trial court where a hearing should be held and an evidentiary predicate established for the amount of damages to be awarded to Magliozzi. It seems to us that some kind of a hearing is required if minimal due process imperatives are to be met. Cf. Feeney v. Abdelahad, 372, N.E.2d 1315 (1978) (a decision of the Massachusetts Appeals Court). It is so Ordered.
Accordingly, error being found, the case is returned to the trial court for further proceedings not inconsistent with this decision. It is so Ordered.

 Again, the same judge who had heard all previous motions in the proceedings to date.

 Susan Weeks has joined in this appeal.