Doyle, P. J.
This is an action to recover actual and punitive damages for the defendant’s alleged breach of contract and violation of G. L. c. 93A in failing to complete kitchen remodeling work in the plaintiffs’ home. The sole issue presented for review is the propriety of the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) motion for relief from a default judgment.
The report indicates that the plaintiffs initially notified the defendant of their claims by forwarding a G. L. c. 93A demand letter. The defendant did not respond. The plaintiffs thereafter instituted this action on December 31,1987, and effected service of process on the defendant on January 6, 1988. No answer was filed by the defendant, and a default was entered on the docket on February 1, 1988.
At the request of the plaintiffs, a Dist./Mun. Cts. R. Civ. P., Rule 55(b)(2) hearing for the assessment of damages was conducted on February 10,1988. The defendant was duly notified of such hearing, and appeared pro se and testified. On February 16,1988, a default judgment in the sum of $8,000.00 plus $1,800.00 in attorney’s fees was entered against the defendant. Execution issued on February 29,1988.
The defendant did not seek legal counsel until June 8,1988, approximately four months after the entry of judgment. The lawyer the defendant then consulted advised him by letter dated June 16, 1988 that his neglect in not responding to the plaintiffs complaint in a timely manner was not a sufficient legal ground for vacating the default judgment entered against him.
Four additional months elapsed before the defendant actually retained. counsel of record. On October 4,1988, defendant’s motion to vacate judgment *81 and supersede execution was filed. The motion was predicated on the grounds that the defendant “had not been represented by an attorney and was naive and uninformed as to the ways of the court system.” In a supporting affidavit, the defendant asserted that he was “totally unversed and unacquainted with [court] procedure, did not have an attorney, and was defaulted due to mere inadvertence and ignorance.” The defendant’s motion for relief from judgment was denied, after hearing, on October 12,1988.
Rule 60(b)(1) of the Dist./Mun. Cts. R. Civ. P. authorizes a trial justice, in the exercise of his discretion, Bird v. Ross, 393 Mass. 789, 791 (1985), to free a litigant from the “burdens of a judgment where the interests of justice and fairness require relief.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). Although the remedial purpose and salutary policies served by the rule support its liberal application, Id. at 429; Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 46; Waltham v. Dexter, 1983 Mass. App. Div. 172, 173, it remains incumbent upon the moving party to establish a thresh-hold qualification for relief by demonstrating that he was in some wayjustified in failing to avoid the mistake or inadvertence which culminated in the entry of judgment against him. Cullen Enterprises, Inc. v. Massachusetts Prop. Inc. Underwriting Assoc., 399 Mass. 886, 894 (1987); Union Warren Sav. Bank v. Cheschi, 1985 Mass. App. Div. 124, 125-126. Simply stated, the burden rests upon the moving party to prove that the neglect advanced as grounds for Rule 60 (b)(1) relief was in fact excusable, and not due to his own carelessness. Murphy v. Administrator, Div. of Pers. Adm., 377 Mass. 217, 227-228 (1979); Maine Drilling & Blasting Inc. v. Lorusso Corp., 1986 Mass. App. Div. 20, 21.
Accepting as true the defendant’s uncontroverted averments, Farley v. Sprague, 374 Mass. 419, 424 (1978), it appears that his default in these proceedings was attributable solely to his unfamiliarity with legal procedure and lack of legal counsel. Neither explanation for his disregard of the plaintiffs’ action against him, however, constitutes grounds for relief cognizable under Rule 60(b)(1). A party’s election to proceed pro se does not excuse him from compliance with applicable procedural rules. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1986); Kornatowski v. Family Mut. Sav. Bank, 388 Mass. 1011 (1983). Such party’s failure to understand the nature or significance of proceedings against him does not alone warrant Rule 60 relief in the absence of special mitigating factors. Federal Land Bank of Springfield v. Torres, 1980 Mass. App. Div. 200. Moreover, the ability to recognize that some response is required to successive demands, summonses and court notices does not require a mastery of the intricacies of civil procedure. In short, “a party remains under a duty to take legal steps to protect his interests and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment.” Consumers Credit Union v. Florentine, 1979 Mass. App. Div. 447, 449 and cases cited. See also, Maine Drilling & Blasting Inc. v. Lorusso Corp., supra, at 22-23; Walsh Sheet Metal Works v. Naser, 1983 Mass. App. Div. 266, 266-267. Nothing more than inexcusable neglect has been advanced herein.
The defendant argues that an equitable balancing of the interests of both parties within the framework of the guidelines set forth in Berube v. McKesson Wine & Spirits Co., supra at 430-431, would permit Rule 60(b) relief in this case. An appellate court is not authorized, however, to engage in such a determination which is committed exclusively to the broad discretion of the motion judge. Appellate review in fact begins with a marked deference to a trial court’s exercise of its rule 60 discretion, and the scope of such review is narrowly restricted to a consideration of whether there has been an abuse of *82 judicial discretion. Chu-Kun Woo v. Moy, 17 Mass. App. Ct. 949 (1983); Weeks v. Magliozzi, 1987 Mass. App. Div. 47, 50.
No such abuse attended the court’s application of the familiar Berube criteria for Rule 60(b) relief to this case. We note that the defendant’s default cannot be excused as an error of counsel, but is instead attributable to his own laxity. Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1023 (1985); Killion v. Whoriskey, 1080 Mass. App. Div. 37, 38. Although the defendant’s neglect occurred prior to trial, he then permitted an unreasonable delay of eight months to ensue between the entry of judgment and the filing of his motion to vacate. See, e.g., Old Colony Bank & Trust Co. v. Tacy Transp. Corp., 10 Mass. App. Ct. 825, 826 (1980) (5 month delay unreasonable); Boissoneau v. St. Pierre, 1986 Mass. App. Div. 102, 104 (2 month delay unreasonable); Financial Brokerage Serv., Inc. v. Barra, 1986 Mass. App. Div. 83, 85 (6 month delay unreasonable); Knapp v. Cramer, 1980 Mass. App. Div. 11, 12 (3 month delay unreasonable). Compare, Paresky v. Board of Zoning App., Cambridge, 19 Mass. App. Ct. 612, 616 (1985). The trial justice may also have properly considered the negligible efforts made by the defendant to demonstrate a meritorious defense to the plaintiffs’ claims. Jabailly v. Cullen, 18 Mass. App. Ct. 943, 945 (1984).
The exercise of the trial justice’s discretion in denying the defendant’s Rule 60(b)(1) motion for relief from judgment is thus amply supported by the record in this case. Such denial is hereby affirmed.
However, there remains on the face of the record an apparent error in the entry of final judgment. The court assessed damages separately under Counts I and II of the complaint in the respective amounts of $2,000.00 in actual damages for breach of contract (Count I), and $6,000.00 in punitive, treble damages for violations of G. L. c. 93A, plus $1,800.00 in attorney’s fees (Count II). These assessments were then combined, and judgment was entered by the clerk in the amount of $9,800.00. Such entry suggests an impermissible, duplicative award of cumulative damages herein. See Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 235-236 (1984). See also, Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372-373 (1988); DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 101-102 (1983). We remand this case, therefore, to the trial justice for a clarification or correction of the amount of the judgment herein. Judgment is then to be re-entered for the plaintiffs pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(b)(2).