McCann, John S., J.

INTRODUCTION

The plaintiff, Nelson McFarlane (“McFarlane”), is pro se. The defendants, the Town of Shrewsbury (“Town”) and the Shrewsbury Police Department (“SPD”), are represented by T. Philip Leader, Esq.
McFarlane brought this action against the defendants alleging that the Town and SPD unlawfully seized property from the plaintiff. McFarlane demands the return of his property and/or to be compensated the fair market value of his possessions with interest. Pursuant to Mass.R.Civ.P. 56, the Town and SPD ask the court to grant summary judgment on the grounds that: (1) McFarlane cannot and did not establish title to most items claimed, and (2) McFarlane’s civil claim is barred by the statute of limitations. McFarlane counters that the “discovery rule” tolled the statute of limitations and that his claim was timely. For the reasons that follow, the Town’s and SPD’s Motion for Summary Judgment is ALLOWED.

BACKGROUND

The relevant undisputed facts and disputed facts viewed in the light most favorable to the non-moving party are as follows.
On October 11th, and 13th, 1998, as well as on January 19th and 20th, 1999, five search warrants were issued by the Westboro District Court. The warrants authorized the search and seizure of several items. After the seizure of numerous items conducted by the SPD, McFarlane subsequently pled guilty on July 29, 1999, to numerous offenses. These offenses included: (1) ten counts of stolen goods, buy/receive/conceal; (2) two counts of larceny over $250; (3) one count of theft of a motor vehicle; (4) one count of armed robbery; (5) four counts of kidnapping; (6) four counts of steal by confining; and (7) one count of assault and battery with a dangerous weapon. McF-arlane was then sentenced to ten to twelve years in state prison, which he is currently serving.
Many of the items seized by the SPD were returned to their rightful owners, and others were sold on August 18, 2001, at a public auction. The total amount recovered at the auction was $480.00. The SPD no longer has any items in its possession except for $535.79 in cash and the net proceeds of the auction sale.
McFarlane later filed a Motion for the Return of Seized Properly and for Compensation if it has been Lost or Destroyed in the Worcester Superior Court on September 21, 2005, in his criminal case, Commonwealth v. McFarlane, Criminal No. WOCR1999-00149. The motion was heard on December 22, 2005, and denied by Hon. Frances McIntyre, stating, “the criminal case is closed and [the] court cannot enter a ruling on [the] matter six (6) years after the plea.” Order Denying Mot. Summ. J., Dec. 22, 2005. Judge McIntyre stated “any litigation should take place on the *745 civil side of the court.” Id. On March 21, 2006. Judge McCann, Jr. denied the same motion.
McFarlane then commenced the current action on June 7, 2006, in civil court seeking recovery or fair market value of the property seized pursuant to the warrants. The defendants answered the complaint on November 22, 2006.

DISCUSSION

The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). Accordingly, the court will grant a motion for summary judgment where there is an absence of evidence to support the non-moving party’s position. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P. 56; Chiu-Woo v. May, 17 Mass.App.Ct. 949 (1983). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelley v. Rossi, 395 Mass. 659, 663 (1985). The court must view the facts in the light most favorable to the non-moving party. See G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
In this case, it appears that McFarlane is bringing his civil claim under negligence. Under G.L.c. 260, §2A, “actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.” Id. Therefore, the statute of limitations in this case is three (3) years from when the cause of action accrued.
McFarlane attempts to use the “discovery rule” to show when the statute of limitations began to run and that he is not barred in bringing his claim. In Kennedy v. Goffstein, 62 Mass.App.Ct. 230, 232 (2004), the court stated that “Massachusetts is a ‘discovery’ [s]tate; as such, the statute of limitations begins to run when a plaintiff ‘knows or reasonably should know that he or she has sustained appreciable harm as a result of the [defendant’s] conduct.’ ” (citing Lyons v. Nutt, 436 Mass. 244, 247 (2002), quoting Williams v. Ely, 423 Mass. 467, 473 (1996)). The plaintiff thus alleges that the statute of limitations began to run with the filing of the defendant’s answer on November 22, 2006, when he first learned that his property had been disposed of by the SPD.
However, McFarlane pled guilty in July 1999, to a number of charges involving robbery, larceny, and stolen goods. Thus, the accrual period started in July 1999, when the plaintiff knew or reasonably should have known of the injury on which his action is based. Consequently, the statute of limitations period began in July 1999, not November 2006. As a result, the statute of limitations ran three years later in July 2002, and McFarlane is thus barred from bringing his civil suit filed on June 7, 2006.
Because the statute of limitations has run on McFarlane’s claim, this court does not need to address whether McFarlane can establish title to the items.

ORDER

Therefore, it is ORDERED that plaintiffs Motion for Summary Judgment is DENIED and defendants’ Motion for Summary Judgment is ALLOWED.