NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-555

WILLIAM M. MILKA

vs.

ANITA MILKA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On a complaint for divorce filed by William M. Milka

(husband) against Anita Milka (wife), a judge of the Probate and

Family Court entered a judgment of divorce nisi and divided the

property of the parties.  Thereafter, the judge denied two

motions for relief from judgment filed by the wife who disputed

property valuations.[1]  The wife now appeals.  We affirm.

Neither the wife nor her attorney were present at the

scheduled trial date on December 5, 2023.  After the husband and

his attorney appeared as scheduled, court personnel attempted to

---

[1] In the order on the second motion, the judge also denied the wife's motion for stay.  The wife makes no argument in her brief concerning that motion, so we affirm that portion of the order.

contact the wife's attorney and reached voicemail.  Two hours later, the trial proceeded without the wife and her attorney.  During the trial, the judge considered both the husband's financial statement and the wife's financial statement that included valuations concerning marital property.  A judgment of divorce nisi dated January 10, 2024, entered, and the judge divided the marital property "in accordance with the values" in the financial statements.

Based on appraisals obtained after the trial, the wife disputed the property valuations determined by the trial judge and sought relief from the judgment.  On February 26, 2024, the wife filed her first motion for relief from judgment pursuant to Mass. R. Dom. Rel. P. 60 (b) (1), and Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974).  She claimed excusable neglect for failing to appear because a motion to continue the trial had been filed and counsel was unaware that the motion needed to be marked for a hearing.  On April 10, 2024, she filed her second motion for relief from judgment under Mass. R. Dom. Rel. P. 60 (b) (6) with affidavits from the wife and her attorney.  She claimed that the trial conducted in her absence denied her due process of law.  On April 11, 2024, the judge denied the first motion in a memorandum of decision and concluded that the wife

failed to demonstrate excusable neglect.  On May 1, 2024, the judge denied the second motion in endorsement orders.

Massachusetts Rule of Domestic Relations Procedure 60 (b), which is identical to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), allows parties to seek relief from final judgments for reasons including "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment."  Relief under section (b) (1) "will be granted only if the party seeking relief demonstrates that the mistake, misunderstanding, or neglect was excusable and was not due to his own carelessness. The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence.  The reasons must be substantial."  (Citation omitted.)  1973 Reporters' Notes to Mass. R. Civ. P. 60 (b) (1), Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 100 (Thomson Reuters 2024).  Likewise, relief under rule 60 (b) (6) may only be granted for "substantial" reasons "whenever such action is appropriate to accomplish justice" (citation omitted).  Id.  These motions are entrusted to the sound discretion of the trial judge, and a decision will not be disturbed on appeal in the absence of "a clear abuse of discretion."  Id.  As such, "appellate courts will show marked deference to the lower court's resolution of

3

such a motion." Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949, 950 (1983). Giving due deference to the decisions of the trial judge, we discern no abuse of discretion.

The record shows that as of September 2023 both the wife and her attorney were well aware of the scheduled trial date of December 5 and simply chose not to appear. Just weeks before that date, on November 15, the wife filed a motion to continue the trial because she needed more time for property appraisals and because her attorney "scheduled other matters" for December 5. Two days later the husband filed an opposition. Instead of preparing for trial in the event the motion was not allowed, the wife's attorney took a different approach as acknowledged in her affidavit and the wife's brief: the wife's attorney believed the case was "not ripe for trial," "strongly believed" the motion to continue would be allowed, knew that no action had been taken on the motion, advised the wife not to appear, and "flew to Colombia to see [her] father" where she remained during the trial.

The trial judge could rationally view this conduct as inexcusably negligent or as a misguided effort to force a continuance by simply not appearing. Whatever the ultimate motivation of the wife's attorney, the judge did not abuse her discretion in denying the motions for relief from judgment. See

4

*Beninati* v. *Beninati*, 18 Mass. App. Ct. 529, 534 (1984) (no abuse of discretion where judge proceeded with trial as scheduled despite refusal of wife's attorney to participate). We also note that the judge delayed the trial for almost two hours while a voicemail message was left with the wife's attorney. In the absence of any response from the wife's attorney, the trial then proceeded as scheduled. We disagree with the wife's underlying premise that the mere filing of a motion to continue is enough to excuse a party's presence at a scheduled trial. "The orderly management of the trial list is a legitimate concern of a judge and, while not necessarily a determinative consideration, ought not to be belittled." *Id*. at 535. We also discern no due process violation because the wife had ample "notice and the opportunity to be heard 'at a meaningful time and in a meaningful manner,'" *Matter of Angela*, 445 Mass. 55, 62 (2005), quoting *Armstrong* v. *Manzo*, 380 U.S.

545, 552 (1965), but she took the risk of not appearing on the scheduled date.

<div style="margin-left: 50%;">

Judgment of divorce nisi affirmed.

Orders entered April 11, 2024, and May 1, 2024, denying relief from judgment affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[2]),

Clerk

</div>

Entered:  May 20, 2025.

---

[2] The panelists are listed in order of seniority.